Charles REYNOLDS, Plaintiff-Appellant,

v.

STEVENS STUDIOS and L. B. Stevens Company, Inc., Defendants-Appellees.

No. 81–1129

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.*

Unit A

Oct. 14, 1981.

John E. Collins, Irving, Tex., for plaintiff-appellant.

William M. Hayner, Jack O'Boyle, Dallas, Tex., for defendants-appellees.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

*Facts*

Appellant, Charles Reynolds, was an Assistant Professor of Journalism at Southern Methodist University in Dallas. Stevens Studios and the L. B. Stevens Co., Inc. (Stevens) is a Bangor, Maine corporation engaged in the college yearbook portrait business. Becoming dissatisfied with his job, Reynolds decided to leave academia. Following discussions with Stevens' president, Morris Ollove, in early August 1974, he accepted a two-year oral contract as Stevens' sole salesman for the state of Texas. Reynolds was to seek business in the (as yet) untouched high school market for which he was to receive a yearly salary of $24,000 drawn against his commissions. Reynolds believed that the Texas market "had an unlimited potential." The parties apparently agreed to reduce the contract to writing but never did so.

The plot, stirred by Stevens' ongoing negotiations with School Pictures, Inc. of Jackson, Mississippi (School Pictures), now thickened. School Pictures, a company engaged in the high school portrait photography business, looked to purchase Stevens. Preliminary discussions, in fact, had begun in 1973. On August 24, 1974, School Pictures acquired all of Stevens' outstanding stock.

Reynolds began work on January 1, 1975. He later testified that he had no knowledge of the purchase of Stevens by School Pictures. School Pictures already had several salesmen in Texas. On April 11, 1975, in a letter to Reynolds, Ollove substantially limited Reynolds' territory. Certain portions of the state he placed off limits. Reynolds, unwilling to work under these conditions, accused Ollove of bad faith and ultimately resigned.

Although he had the option to return to S.M.U. prior to April 1, 1975, the school had

filled his position by the time Reynolds resigned from his job with Stevens.

Reynolds filed suit against Stevens on the oral employment contract. He alleged jurisdiction based upon diversity of citizenship. Service of process was effected under the Texas "Long Arm" Statute, Tex.Rev.Civ. Stat.Ann. Art. 2031b.

Stevens moved to dismiss on the ground that the suit was barred by the Texas Statute of Frauds, Section 26.01, Texas Business and Commerce Code. The District Court held a nonjury trial, at the end of which it granted Stevens' motion to dismiss on the merits. The Court found that the Texas Statute of Frauds, Section 26.01, Texas Business and Commerce Code, applied, rendering the contract unenforceable. Reynolds now appeals. We affirm.

### The Appeal

Reynolds raises several issues on appeal. He first argues that promissory estoppel applies so as to take the case out of the Statute of Frauds. Section 26.01 states:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to . . .

(6) an agreement which is not to be performed within one year from the date of making the agreement.

In order to overcome the sometimes harsh results of the Statute of Frauds, however, Courts have on occasion interposed an equitable remedy. When a person makes a promise on which the promisee reasonably relies to his detriment, that person may be estopped to plead the Statute of Frauds as a defense.

In order that the exception not swallow the rule, Courts have limited this equitable escape route. It applies only where the circumstances are so egregious as to render it inequitable for a court of justice to apply the Statute of Frauds. An early case, *Jackman v. Anheuser-Busch*, 162 S.W.2d 744 (Tex.Civ.App.—Dallas 1942, writ ref'd), cited in the District Judge's order, reflects the law of the State of Texas. Jackman left his job to work for the defendant under an oral contract for three years' employment. Things did not work out; after seventeen months, Jackman left his job and sued his employer on the oral contract. The Court found Jackman's equitable estoppel argument not convincing. It could not, without more, overcome the legislative intent embodied in the Statute of Frauds.

*Cooper Petroleum v. La Gloria Oil and Gas Co.*, 436 S.W.2d 889 (Tex.1969), sets down a more definitive rule. Cooper Petroleum had guaranteed in writing, and its president had orally promised to guarantee, payment of the purchase price of petroleum products sold by La Gloria to another company. In past dealings, La Gloria had accepted Cooper's oral promises, and the written documents were furnished later. In this instance, however, Cooper and its president refused to honor their guarantees. The Court found the agreement to be within the Statute of Frauds but concluded that "under the doctrine of promissory estoppel, . . . [the president] is precluded from asserting that [the agreement] is unenforceable." 436 S.W.2d at 896. *Cooper* stands for the very limited principle that a promise to reduce an oral agreement to writing, where the parties have engaged in a regular course of dealing, will be enforced under the promissory estoppel "exception" to the Statute of Frauds. *See also* the opinion of Justice, now Judge Reavley of this Court, in *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934, 940 (Tex.1973), *on rehearing*: "The promise which is determinative here is the promise to sign a written agreement which itself complies with the statute of frauds. . . . This is the significance of the reference to . . . *Cooper Petroleum*." (Citations omitted)

**46**

A review of our cases confirms this result. In *21 Turtle Creek Square, Ltd. v. New York State Teachers' Retirement System,* 432 F.2d 64 (5th Cir. 1970) (Tex.), *cert. denied* 401 U.S. 955, 91 S.Ct. 975, 28 L.Ed.2d 239, the developer ("21") alleged that it relied on an oral promise by the defendant to increase the amount of a mortgage to compensate it for certain operating losses. This Court held that for estoppel to overcome the Statute of Frauds, "there exists the further requirement of reliance upon a second promise—a promise to reduce the first promise to writing. That the Courts of Texas require this additional promise to remove an oral, and thus unenforceable, promise from the Statute of Frauds before promissory estoppel may apply is apparent from the latest pronouncement of the Texas Supreme Court on the subject in *Cooper Petroleum.*" 432 F.2d at 65.

In *Mercer v. C. A. Roberts Co.,* 570 F.2d 1232 (5th Cir. 1978) (Tex.), a former employee sued his employer on an oral employment contract. Mercer had gone to work for defendant company in 1968. In 1970, the employer altered his compensation formula. In August 1974, the company informed Mercer that, as his salary under this new formula exceeded that of comparable employees, it would be reduced retroactive to January 1 of that year. After some argument, Mercer resigned.

The District Court found that the oral contract involved fell within the ambit of the Statute of Frauds and thus was unenforceable. Affirming that holding, we rejected Mercer's argument that promissory estoppel should apply. Citing Texas cases as well as our own decisions, this Court held that promissory estoppel would apply only "in egregious situations." 570 F.2d at 1237. Even though he had worked under the contract for seven years, Mercer's case, although unfortunate, was not sufficiently egregious.

These cases indicate that except in extraordinary circumstances—circumstances which do not exist here—an oral employment contract for a period of more than one year may not be enforced. Although the result may seem harsh to Mr. Reynolds and to others, it is the result Texas ordains and we must enforce.

Upon this disposition of the case it becomes unnecessary to consider appellant's other objections.

AFFIRMED.