**James L. EALES, Appellant,**

v.

**TANANA VALLEY MEDICAL–SURGICAL GROUP, INC., a Professional Corporation, Appellee.**

**No. 6857.**

Supreme Court of Alaska.

May 27, 1983.

C.R. Kennelly, Kennelly, Azar & Donohue, P.C., Anchorage, for appellant.

Patrick T. Brown, Rice, Hoppner, Brown & Brunner, Fairbanks, for appellee.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and TUNLEY, Superior Court Judge.*

MATTHEWS, Justice.

James Eales, who had been a physician's assistant at the Tanana Valley Medical-Surgical Group (Tanana Clinic) since 1974, was fired from his job on April 2, 1980. Eales sued the Tanana Clinic for wrongful discharge.

Tanana Clinic's motion for summary judgment was granted. For purposes of the motion, the Clinic conceded that Eales had been offered a job that would last until he reached retirement age and that he was fired without cause. In addition Eales filed an affidavit stating that he would not have given up his previous job if Tanana Clinic's offer had not been for permanent employment. The trial court held that the contract created was for an indefinite term, terminable at the will of either party. Eales has appealed.

■ An employee who has been hired for some definite period of time is not an employee at will. *See Jackson v. Minidoka Irrigation District,* 98 Idaho 330, 563 P.2d 54 (Idaho 1977); *see generally* 9 S. Williston, *Contracts,* § 1017; 53 Am.Jur.2d Master & Servant § 27. Here, Eales' normal retirement age as an employee of the clinic is capable of being determined. Since, for the purposes of the summary judgment motion, Tanana Clinic conceded that Eales' contract was for employment until retirement, the contract should be considered to be one for a definite period. As employ-

ment contracts for a definite period can be terminated early only for good cause a remand is necessary. *Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880, 891 (Mich.1980); *Allen v. Highway Equipment Company,* 239 N.W.2d 135 (Iowa 1976); 53 Am.Jur.2d, Master & Servant § 45.

■ Even if the contract were considered to be one for an indefinite period a remand would be required. Evidence was presented that it was represented to Eales that so long as he was properly performing his duties he would not be discharged. This representation may be found to be part of Eales' employment contract, even if the employment contract was for an indefinite period of time. *Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880, 885 (Mich.1980); *cf. Cleary v. American Airlines, Inc.,* 111 Cal.App.3d 443, 168 Cal.Rptr. 722, 729 (Cal.App.1980). If so, the Clinic would be precluded from discharging Eales except for cause. *Id.*

■ Implicit in the foregoing conclusions is our rejection of those authorities which hold that employment contracts until retirement, or for permanent employment, or for life are necessarily terminable at the will of the employer, where the employee furnishes no consideration in addition to the services incident to the employment. *See generally* Annot. Contract for Permanent Employment 60 A.L.R.3d 226 (1974). We have never so held. Those authorities which have are generally based on the lack of mutuality of obligation which exists in such cases; since an employee cannot be bound to work permanently for a particular employer, the employer is not bound to engage the employee permanently. *E.g. Hanson v. Central Show Printing Co.,* 256 Iowa 1221, 130 N.W.2d 654, 658 (Iowa 1964):

> We think the real basis for the majority rule is that there is in fact no binding contract for life employment when the employee has not agreed to it; that is,

* Tunley, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

when he is free to abandon it at any time. So in the instant case, the plaintiff was bound only so long as he chose to work. It does not help to say that a contract for life employment or permanent employment may be binding if it is fully agreed upon, even though the only consideration furnished by the employee is his agreement to serve. The fact is that he has not agreed to serve for life, or permanently; but only so long as he does not elect to "retire of his own choosing."

See also 60 A.L.R.3d supra at 237, 244.

As a matter of contract doctrine we regard this rationale as unsound. There is no requirement of mutuality of obligation with respect to contracts formed by an exchange of a promise for performance. "If the requirement of consideration is met, there is no additional requirement of . . . (c) 'mutuality of obligation.' " Willis Flooring, Inc. v. Howard S. Lease Construction Co. & Associates, 656 P.2d 1184, 1185 (Alaska 1983), quoting Restatement (Second) of Contracts § 79 (1981); see also Restatement (Second) of Contracts § 79 comment f. As Corbin states:

> [I]f the employer made a promise, either express or implied, not only to pay for the service but also that the employment should continue for a period of time that is either definite or capable of being determined, that employment is not terminable by him "at will" after the employee has begun or rendered some of the requested service or has given any other consideration (or has acted in reliance on the promise in such manner as to make applicable the rule in Restatement, Contracts, § 90). This is true even though the employee has made no return promise and has retained the power and legal privilege of terminating the employment "at will." The employer's promise is supported by the service that has been begun or rendered or by the other executed consideration or action in reliance. There is a valid unilateral contract; there is an obligation although there is no "mutuality of obligation."

Corbin, supra, § 152 at 14 (1963).

While there are many cases supporting the rule that contracts for permanent employment are necessarily terminable at will by the employer unless supported by independent consideration, see Annot. 60 A.L. R.3d 237–241, there is a substantial body of authority which recognizes, correctly in our view, the unsound foundation of that rule. See, e.g., Littell v. Evening Star Newspaper Co., 120 F.2d 36 (D.C.Cir.1941); Drzewiecki v. H & R Block, Inc., 24 Cal.App.3d 695, 101 Cal.Rptr. 169 (Cal.App.1972); Eilen v. Tappin's, Inc., 83 A.2d 817 (N.J.Super.1951); Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579, 292 N.W.2d 880 (Mich.1980). See generally Note, Protecting at Will Employees Against Wrongful Discharge: The Duty to Terminate Only in Good Faith, 93 Harv.L.Rev. 1816 (1980); Note, Implied Contract Rights to Job Security, 26 Stan.L.Rev. 335 (1974).

REVERSED.

CONNOR, J., not participating.