Charles T. **MOBLEY**, et al., Appellants,

v.

Henry Penn **WENGER**, et al., Appellees.

No. C14–84–707CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 7, 1985.

Billy H. Pollard, Smith, Pollard & Lowes, Houston, for appellants.

Roger Wright, Jr., Roger Townsend, Fulbright & Jaworski, Houston, for appellees.

Before JUNELL, ROBERTSON and CANNON, JJ.

OPINION

ROBERTSON, Justice.

This is an appeal from a summary judgment granted in favor of appellees on their statute of frauds defense to an alleged oral employment contract. The issue before us is whether a fact issue existed concerning appellants' plea of promissory estoppel. We affirm.

A written "understanding of the agreement" entered into between appellant Purcell and appellees Wenger and Westerhouse forms the basis for the lawsuit. The agreement concerned the formation of a company to be called "Pip Minerals Company." While the written agreement covered several subjects, the provision applicable to the issue before us is paragraph 10, providing:

Agreements will be negotiated covering stock buy-and-sell arrangements, employment contracts, non-permissible outside commercial activities, and so forth.

Appellant Purcell was to be the Divisional Executive Director of the newly formed company. Prior to the time he assumed such position, he recruited appellant Mobley to leave his present employment (where Purcell was also employed) to work for the new company. After employment for one year, both appellants were discharged and they filed suit alleging breach of an oral five year contract of employment. Appellees defended on the basis of the statute of frauds and appellants asserted promissory estoppel.

The sole issue before us is whether appellants established a genuine issue of fact as to their plea of promissory estoppel. Unless appellants can establish each element of promissory estoppel, appellees are entitled to judgment as a matter of law on the affirmative defense of the statute of frauds. *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934, 936 (Tex.1972).

The doctrine of promissory estoppel as applied by the supreme court in *Wheeler v. White*, 398 S.W.2d 93, 96 (Tex.1965), was derived from the language of the Restatement of Contracts § 90 (1932). Section 90 of the Restatement expresses the doctrine in the following words:

A promise which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee and does induce such action or forebearance is binding only if injustice can be avoided only by enforcement of the promise.

"This [promissory estoppel] does not create a contract where none existed before, but only prevents a party from insisting upon his strict legal rights when it would be unjust to allow him to enforce them...." *"Moore" Burger*, 492 S.W.2d at 936. (citation omitted). The court in explaining the foregoing rules of substantive law stated: "The Restatement expressly recognizes in § 178, comment f, that the doctrine may operate to preclude a defense based on the statute of frauds, in these words:

Though there has been no satisfaction of the Statute, an estoppel may preclude objection on that ground ... A misrepresentation that there has been such satisfaction in reliance on the representation, precludes proof by the party who made the representation that it was false; *and a promise to make a memorandum, if similarily relied on, may give rise to an effective promissory estoppel if the Statute would otherwise operate to defraud."*

*"Moore" Burger*, 492 S.W.2d at 937 (emphasis original). There is no contention in the instant case that appellees misrepresented that a writing complied with the statute of frauds. Therefore, appellants must establish that an additional promise to reduce the first promise to writing was made in order to remove this unenforceable oral promise from the statute of frauds before promissory estoppel may apply. *21 Turtle Creek Sq. Ltd. v. New York St. Teach Retire. Sys.*, 432 F.2d 64, 65 (5th Cir.1970), cert. den. 401 U.S. 955, 91 S.Ct. 975, 28 L.Ed.2d 239 (1971); *Dickerson v. Auto Ctr. Mfg. Co.*, 594 F.2d 523, 528 (5th Cir.1979); *Boddy v. Gray*, 497 S.W.2d 600, 604 (Tex. Civ.App.—Amarillo 1973, writ ref'd).

From reading Purcell's deposition, we are unable to find any evidence of the second promise to reduce the first unenforceable promise to writing. As we understand Purcell's argument, he relies upon paragraph ten of the letter of intent for evidence of the second promise. The letter of intent stated that employment contracts would be negotiated. We can hardly construe this language as support for Purcell's argument. Since there is no evidence of the second promise to reduce the first promise to writing, Purcell's reliance on the doctrine of promissory estoppel is misplaced.

Mobley, in his deposition, testified that he was recruited by Purcell while both of them were employed elsewhere. Mobley stated that he was shown the letter of intent and was told that he would receive a contract like Purcell's. Purcell testified that he told Mobley he would have a five year contract but never promised him that he would not be discharged.

Even if we should assume Purcell was authorized to enter into the contract alleged by Mobley, the record is silent as to a second promise by appellees to reduce the unenforceable promise to writing. As such, Mobley is unable to invoke the doctrine of promissory estoppel.

Failure to recognize promissory estoppel more liberally has been said to present harsh results; however, as it has been stated, the failure to strictly limit its application would allow the exception to swallow the rule. *Reynolds v. Stephens Studios*, 659 F.2d 44, 45 (5th Cir.1981).

The judgment of the trial court is affirmed.