**Donald K. WEBBER, Appellant,**

v.

**The M.W. KELLOGG COMPANY, Appellee.**

**No. A14–86–118CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 18, 1986.

Rehearing Denied Oct. 16, 1986.

Donald K. Webber, Robert W. Rickard, Houston, for appellant.

Gloria M. Portela, Jack D. Ballard, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

This appeal, in a wrongful discharge case, is from a summary judgment in favor of appellee, defendant in the trial court. The issue is whether there was a written contract of employment limiting the right to terminate the employment. We find there was not and affirm.

Appellant, an attorney and engineer, responded to a newspaper advertisement for an engineer/attorney position with appellee company. He was subsequently employed and began his duties as a regulatory attorney in January 1977. He was notified in February 1979 that effective August 31, 1979, his employment would be terminated because "overall our work load is such we cannot keep you busy full time in this area." In February 1981 he filed suit alleging wrongful discharge, breach of contract and fraud. In 1985 he filed his second amended petition and included allegations that appellee should "be estopped to claim that they had a right to terminate the Plaintiff at will."

Appellee answered and filed special exceptions, pointing out that appellant "failed

to allege the existence of an employment contract between [the parties] specifying terms of employment which restrict Defendant's common-law right to terminate employment of any employee at will...or other facts which would support a cause of action ... for wrongful discharge." The statute of frauds was pled as an affirmative defense to any allegations concerning an oral contract.

Following extensive discovery, appellee filed a motion for summary judgment alleging it was entitled to judgment as a matter of law because no written contract of employment between the parties existed and that if any oral contract limited the company's right to terminate the employment, such an agreement was barred by the statute of frauds. Tex.Bus. & Com.Code Ann. § 26.01(b)(6) (Vernon 1968 & Supp.1986). The motion was supported by proper affidavit of the manager of the division of appellee company to which appellant was assigned. Such affidavit stated that during the time of appellant's employment, written employment contracts were not used. He swore that appellant was hired for an indefinite period of time and that he, like all other Kellogg employees, was subject to termination at will. Later the motion was amended to address additional argument made by appellant.

Appellant filed a response and attached thereto a copy of the newspaper advertisement for the position for which he was subsequently hired, a letter from appellee confirming a verbal offer of employment, an employment application, an acknowledgment of participation in a retirement plan, a request for verification of employment from a savings association, an employer performance review, an interview record, a memorandum outlining appellant's responsibilities, a memorandum confirming appellant's termination, the performance evaluation for a terminated employee, a "Promotability and Replacement Survey," a memorandum stating the reason for appellant's termination and a promotional brochure outlining career opportunities at The M.W. Kellogg Company. Appellant later filed additional exhibits, including correspon-

dence between him and the personnel representative of the appellee, a copy of various booklets published by appellee, highlights of benefit programs and some twenty other papers. He filed three separate affidavits in response to the motion for summary judgment. Interestingly, he never, so far as we can determine, stated as a fact that he was employed for a definite term. His strongest statement that we have found indicating such was:

> The quick first offer given me after the Sliger interviews and the stressing to me by Mr. LaBorde of the permanency of the position, the over all security that Kellogg in combination with Pullman had the longest record of dividend payments at the time of any U.S. company as well as his assurances to me in one or more of our telephone conversations that this position was for a permanent career position which he said meant to him it would definitely last until my normal retirement at age 65 if I was to so choose over several other retirement options also available was the reason I took the job.

Appellant first argues the trial court "erred in holding that, as a matter of law, no contract of employment existed" between the parties. The summary judgment was in the most general terms and it did not decree that no contract existed. While it can be argued this was an implied finding of the court, the issue as presented by the motion for summary judgment was that there was no written contract of employment *limiting appellee's right to terminate appellant's employment.*

Appellant refers to three documents that he argues "seemingly create a complete contract between the parties." These documents were attached to his response for summary judgment. The first document is a letter to appellant from appellee's personnel representative, the second paragraph of which stated:

> I am pleased to confirm our verbal offer to you for a position in our Research and Development Department as a Regulatory Attorney at a salary of $23,400 per

year, based on a forty-hour week. As we discussed, this offer is necessarily contingent upon your successful completion of our pre-employment physical examination, and barring any unforeseen complications we will expect you on January 31, 1977.

The second document is his employment application, which he completed when he applied for the position. At the bottom of the two-page form is a space to be completed if the applicant is accepted for employment. It is signed by appellee's personnel representative and reflects who selected the employee, to what department and division he will be assigned, and the position title. Additionally, it reflects appellant's "starting date" as "1–31–77" at the rate of "$1950 per month." In the part of the form to indicate whether the employment is "temporary" or "permanent," the "permanent" box is marked. The third document is a copy of a card that apparently is a part of a filing system showing appellant was a member of the "Pullman Incorporated Retirement Plan" showing his normal retirement date as "2–1–1999" and a form "acknowledgment," as follows:

> The Pullman Incorporated Retirement Plan has been explained to me. I understand that I will be a participant in the Pullman Incorporated Retirement Plan to become effective following the completion of one year of continuous service from the date of my employment.

| Donald K. Webber | Houston/Kellogg |
|---|---|
| Employee Name | Location/Division |
| | 1/22/1934 |
| Employed temporary | Date of Birth |
| 1/31/77 | 1/01/78 |
| Employed Permanent | Effective Date |
| /s/ Donald K. Webber | 1/31 1977 |
| Signature | Date |

Appellant argues that "with respect to contract duration, these documents provide not only a termination date, of February 1, 1999 but classify and delineate appellant as a permanent employee." Appellant then reasons that if this evidence does not prove as a matter of law the existence of a contract of definite duration, "at the very least the evidence raises a fact issue of whether there was such a contract." Finally, retreating even further, appellant argues that if these three documents are insufficient, then the additional documents attached to his response to the motion for summary judgment and referenced above "could arguably be included in the contract, or constitute an enforceable contract in and of themselves." We do not agree.

 To establish his cause of action for wrongful termination appellant must prove (1) that he and his employer had a contract that specifically provided that the employer did not have the right to terminate the employment contract at will, and (2) that the employment contract was in writing. The first requirement stems from the common law in Texas that employment contracts are "at will" unless the parties agree otherwise. "[W]hen the term of service is left to the discretion of either party, or the term is left indefinite, or determinable by either party, either party may put an end to it at will, and so without cause." *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888). The second requirement, that the agreement be in writing, stems from the statute of frauds, which provides that contracts not to be completed within one year are not enforceable unless in writing. Tex.Bus. & Com. Code Ann. § 26.01(b)(6) (Vernon 1968 & Supp.1986). Appellant is seeking to enforce a contract that allegedly provided for an employment term of greater than one year (i.e. until retirement at age 65). Therefore, the statute of frauds does apply. *See Molder v. Southwestern Bell Telephone Co.*, 665 S.W.2d 175, 177 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

Appellee's motion for summary judgment was based upon its affirmative defense that the contract upon which appellant depends is unenforceable under the statute of frauds. The summary judgment was proper because the writings that appellant offered as proof of a written contract do not promise lifetime employment.

Appellant argues that his classification as "permanent" and the delineation of February 1, 1999, as his "normal retirement date" renders this contract "a contract for definite term, to-wit, for the normal working life of the employee." Appellant cites three cases as supporting his argument: *Eales v. Tanana Valley Medical-Surgical Group, Inc.*, 663 P.2d 958 (Alaska 1983); *Beeler v. H & R Block, Inc.*, 487 P.2d 569 (Colo.App.1971); *Roxana Petroleum Co. v. Rice*, 109 Okla. 161, 235 P. 502 (1924). We do not find any of these cases controlling. Only *Eales* is conceivably on point, and it is easily distinguished on the facts. The employer there conceded that the employee had been offered a job that would last until he reached retirement age and that the employee had been fired without cause. Such are not the facts before us. The letter from appellant offering the position to appellant does not promise future employment. *Cf. Southwestern Bell Telephone Co. v. Dixon*, 575 S.W.2d 596, 602 (Tex.Civ.App.—San Antonio 1978), *dism'd w.o.j.*, 607 S.W.2d 240 (Tex.1980). It can hardly be said that classifying appellant as a permanent employee, as opposed to a temporary employee, is a promise of lifetime employment. We likewise refuse to classify the insertion of the date of 2–1–1999 as the normal retirement date on his retirement plan papers as a promise of employment until that date. It must be remembered appellant was not then a member of the retirement system and would not become a member for a full year. The company booklets and brochures encouraging employees to spend their careers with the company likewise did not insert into the employment agreement any limit on appellee's right to terminate appellant's employment. *See Vallone v. AGIP Petroleum Co.*, 705 S.W.2d 757, 759 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Molder v. Southwestern Bell Telephone Co.*, 665 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Hurt v. Standard Oil Company*, 444 S.W.2d 342 (Tex. Civ.App.—El Paso 1969, no writ). We reject appellant's contentions and hold that in the absence of a written contract of employment limiting the right to terminate the employment, either appellant or appellee was at liberty to terminate it at will.

Appellant argues that the statute of frauds defense was not available to appellee because the contract could have been terminated at will during a three-month probationary period. The three-month probationary period has no relevance to the issue before us. Appellant's cause of action is based upon his claim that appellee agreed to employ him for life once the probationary period was successfully completed. The promise of lifetime employment is the agreement that must be in writing to be enforceable. *Molder v. Southwestern Bell Telephone Co.*, 665 S.W.2d at 177; *Hurt v. Standard Oil Co.*, 444 S.W.2d at 344; *but see contra, Hardison v. A.H. Belo Corp.*, 247 S.W.2d 167, 168–69 (Tex.Civ.App.—Dallas 1952, no writ).

Appellant contends the trial court "erred in disallowing [his] promissory estoppel claim." While he recognizes the trial court "did not speak on the question" he argues that it is nevertheless reversible error. We do not agree. There were neither allegations nor proof that appellee promised to reduce his oral employment agreement to writing or that appellee misrepresented to him that a writing complied with the statute of frauds. In the absence of such evidence, promissory estoppel will not permit the enforcement of an oral employment agreement. *Mobley v. Wenger*, 689 S.W.2d 477 (Tex.App.—Houston [14th Dist.] 1985, no writ).

Finally, appellant argues the trial court "erred in concluding that, as a matter of law, [he] has raised no viable cause of action for fraud." Appellant's allegations of the false representations made to him by appellee were that: (1) he would receive a pension upon retirement; (2) the position he was hired for was a full-time, permanent position; and (3) that he would have a job with the company until he reached sixty-five and would not be fired without good cause. Thus, it is seen that each of his

fraud allegations have as its basis the alleged contract of employment. The damages he sought were what he would have made in salary and all other benefits had his employment not been terminated. Our supreme court has noted that the nature of the injury most often determines whether contract or tort duties were breached. "When the injury is only the economic loss to the subject of the contract itself, the action sounds in contract alone." *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986).

 In support of his position that the statute of frauds is not a defense to his fraud claim, appellant cites *Hastings v. Houston Shell & Concrete,* 596 S.W.2d 142 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). The court there followed *Sibley v. Southland Life Ins. Co.,* 36 S.W.2d 145 (Tex.1931), a commission of appeals opinion adopted by the supreme court. On the other hand, two other courts of appeals have held, on the facts before them, that the statute of frauds is a defense to a fraud claim. *Wade v. State National Bank,* 379 S.W.2d 717 (Tex.Civ.App.—El Paso 1964, writ ref'd n.r.e), and *Keriotis v. Lombardo Rental Trust,* 607 S.W.2d 44 (Tex.App.—Beaumont 1980, writ ref'd n.r.e.). In *Keriotis,* the court distinguished the *Sibley* case by pointing out that "it is not only the nature of damages sought but also the relationship of the promise to the purposes of the statute of frauds which controls the application of the statute." *Id.* at 46. We agree. Here, appellant is attempting to rely upon the alleged oral agreement for enforcement of the principal employment contract. The language of the court in *Collins v. McCombs,* 511 S.W.2d 745, 747 (Tex.Civ.App.—1974, writ ref'd n.r.e.), is particularly appropriate.

> Where plaintiff, although casting his complaint in the form of a cause of action for fraud, is attempting to recover damages for the breach of the promise, it is clear that he is, in effect, attempting to enforce the oral agreement. Where, as here, plaintiff is seeking to recover what he would have gained had the promise been performed, i[t] is evident that the gist of his cause of action is the breach of the unenforceable promise.... Since plaintiff is here seeking to recover what he would have gained had the promise been performed, it is apparent that his action, while cast in language sounding in tort, is an indirect attempt to recover for the breach of the unenforceable promise and is, therefore, barred by the statute of frauds.

*Id.* at 747. The trial court properly granted summary judgment.

In addition, we have considered appellee's Motion to Change Designation of Parties on Appeal and find that appellee has sufficiently shown that The M.W. Kellogg Company should be designated the sole appellee. The motion is granted.

The judgment is affirmed.