959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank STEVISON, Plaintiff-Appellant,
v.
SGS CONTROL SERVICES, INC., a corporation, Defendant-Appellee.
 Nos. 91-35369, 91-35628.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1992.
Decided April 10, 1992.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stevison was terminated from his position as a marine surveyor for SGS Control Services. He contends that he had a written contract that entitled him to lifetime employment. He also contends that SGS lured him away from his previous employment with false promises, that it violated the implied covenant of good faith and fair dealing and that his termination was wrongful, abusive and retaliatory. He lost on summary judgment below and appeals.
 
 
 3
 * Stevison contends that SGS violated AS 23.10.015 when it used false promises of a written contract and a lengthy career to induce him to join SGS.
 
 
 4
 Stevison's reliance on this statute is misplaced. This statute's intent is to prevent employers from inducing employees to come to Alaska, or move to remote parts of Alaska by misstating conditions of employment.
 
 
 5
 Although the statute does not state explicitly that it applies only to workmen in territorial Alaska, it was clearly not intended to apply to one who simply changes jobs within the city of Kenai. The district court properly rejected this claim.
 
 II
 
 6
 Stevison next claims that SGS breached his employment contract. Because, for purposes of the summary judgment motion, SGS conceded that Stevison's contract was for at least five years' employment, the contract will be considered one for a definite period, terminable only for good cause. See Eales v. Tanana Valley Medical-Surgical Group, Inc., 663 P.2d 958, 959 (Alaska 1983).
 
 
 7
 The burden of pleading and proving good cause in this action is on the employer. Skagway City School Bd. v. Davis, 543 P.2d 218, 222-24 (Alaska 1975), overruled on other grounds, Diedrich v. City of Ketchikan, 805 P.2d 362 (Alaska 1991).
 
 
 8
 The question is whether Stevison was dismissed for good cause. Alaska follows the general rule that an employee's willful refusal to obey the reasonable instructions of his employer is grounds for discharge. See Central Alaska Broadcasting, Inc. v. Bracale, 637 P.2d 711, 713 (Alaska 1981).
 
 
 9
 Kay, Stevison's supervisor, asked him to perform some field work in order to increase the Alaska operation's profitability. Stevison refused because he believed his contract did not obligate him to do such work.
 
 
 10
 Because Stevison's contract did not relieve him from performing field work and such work would not have interfered with his other duties, SGS's request that he perform such work was reasonable.
 
 
 11
 The next question is whether he willfully refused to do the work. Taking the facts in the light most favorable to Stevison, we find that Kay negotiated with Stevison for four days to convince him to perform field work. Stevison repeatedly stated his opposition to doing it. During the negotiations, he threatened to sue both SGS and Kay. He also threatened to give the company bad publicity by publishing an ad about his poor treatment in the New York Times and the Los Angeles Times. He said that he was not in a position to verify whether the company's profit and loss statements were accurate and he had a "problem" with them. Finally, he refused to believe Kay's statement that his salary would not be reduced if he undertook field work stating that he had "no confidence in their [SGS] intentions." He also said that he thought Kay was biased against him because he was a Vietnam veteran. After lengthy unproductive discussions, Stevison was terminated. Only then did he agree to perform the field work.
 
 
 12
 The facts reveal that Stevison was attempting to blackmail SGS with threats of adverse publicity and litigation in order to avoid field work. He offers no evidence that his salary would have been reduced had he complied with management's request or that his contract exempted him from field work. Because he consistently refused to follow his employer's reasonable instructions, SGS had good cause to terminate him.[1]
 
 III
 
 13
 Alaska courts do not recognize a tort of wrongful and abusive discharge. Even if they did, it was proper to dismiss Stevison's claim because he presented no facts to support his theory that his discharge was abusive or wrongful.
 
 
 14
 Similarly, Stevison fails to establish the facts necessary to support a retaliatory discharge claim: he was not discharged for engaging in a protected activity.
 
 IV
 
 15
 The district court's fee award was proper. Gates v. Tenakee Springs, 822 P.2d 455, 464 (Alaska 1991).
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because Stevison relies on the same facts to support both his breach of covenant and contract claims, the covenant was not breached