**Seymour STRELLER, Appellant,**

v.

**Walter HECHT and M. Robert Hecht, Appellees.**

No. A14–92–01084–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 29, 1993.

Rehearing Denied Aug. 26, 1993.

Timothy Michael Hagan, Houston, for appellant.

Steve M. Zager, Joe Michels, Timothy Henderson, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

**OPINION ON REHEARING**

J. CURTISS BROWN, Chief Justice.

We withdraw our opinion of June 17, 1993, and substitute the following opinion. This dispute arises out of a business venture entered into during the 1980's to purchase and develop 166 acres of land in the F.M. 1960 area. Cypress Creek Venture, Ltd. was formed to purchase and develop the land. Robert Hecht, one of the appellees, was the general partner. The appellant, a local real estate developer, agreed

with Robert and Walter Hecht to invest in Cypress Creek. AL/ST Investments, Inc., a Texas corporation in which the appellant had an interest,[1] purchased the interests of the limited partners in Cypress Creek. To finance this acquisition by AL/ST, Cypress Creek borrowed $5,200,000.00 from Village Savings and Loan. The appellant and Robert Hecht both guaranteed repayment of the loan. The parties later decided to purchase an additional 14.5 acre tract as part of the venture. Robert Hecht and the appellant both guaranteed a $4,100,000.00 loan from Killeen Savings and Loan to purchase the land. The appellant also guaranteed some smaller loans to provide working capital for Cypress Creek.

Cypress Creek defaulted on the loans. The lenders filed suit against the appellant for repayment, and obtained judgments against him. The appellant then filed suit against the appellees alleging fraud, civil conspiracy, conversion and negligent misrepresentation. He alleges that the appellees induced him to guaranty the promissory notes by assuring him that three banks had already committed to provide permanent financing. The appellees assured him that his personal liability would be extinguished when the permanent financing was obtained. He also sought a declaratory judgment rendering null and void all of the contractual agreements entered into with the appellees.

The appellees filed motions for summary judgment based on the affirmative defense of the statute of frauds. They alleged the lawsuit was an attempt to enforce an oral agreement that could not be completed in one year, involved title to real property, and involved a loan in excess of $50,000.00. See TEX.BUS. & COM.CODE ANN. §§ 26.01–26.02 (Vernon 1968). The trial court agreed and granted summary judgments for the appellees.

■ In his first point of error, the appellant argues the trial court erred by granting summary judgment based on the statute of frauds because the lawsuit involves misrepresentation of an existing fact, and not breach of contract. We agree. The appellant did not allege breach of contract. His claim is independent of his contractual relationship with the appellees. He does not allege that the appellees promised or agreed to give him anything in exchange for his guaranty. He alleges they assured him that permanent financing had *already* been arranged.

The appellees cite several cases in support of their argument that the appellant's claim sounds in contract. They rely on: *Collins v. McCombs*, 511 S.W.2d 745 (Tex. Civ.App.—San Antonio 1974, writ ref'd n.r.e.); *Webber v. M.W. Kellogg Company*, 720 S.W.2d 124 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); and *Keriotis v. Lombardo Rental Trust*, 607 S.W.2d 44 (Tex.App.—Beaumont 1980, writ ref'd n.r.e.). The appellees rely on these cases for the proposition that the nature of the damages sought by the plaintiff, and not the form in which the plaintiff pleads his case, determines whether the statute of frauds applies.

In *Collins*, the question presented was whether the statute of frauds applied to an action for fraud, where the alleged fraud was the failure to perform an oral agreement which was not to be performed within one year. The court observed that since the plaintiff sought to recover what he would have received if the promise had been performed, the suit was actually a breach of contract action. Accordingly, it affirmed the summary judgment based on the statute of frauds. *Collins*, 511 S.W.2d at 747.

In *Webber*, the plaintiff sued his former employer for wrongful termination. He pled both breach of contract and fraud. Since the documents allegedly comprising the employment agreement did not support the plaintiff's claim, the trial court granted summary judgment on the breach of contract claim. *Webber*, 720 S.W.2d at 127. The trial court also concluded as a matter of law that the plaintiff had no fraud claim.

---

1. The appellant's brother, and his sons, owned stock in AL/ST. While the appellant testified at one point that he did not believe he owned any stock in AL/ST, he later testified that he was not certain. The appellant did expect to participate in any profits realized by the venture.

This court noted that the plaintiff's allegations of fraud were based entirely on the alleged employment contract. Furthermore, the damages sought were the amount of salary and benefits he would have received if he had not been fired. Since the plaintiff was attempting to rely on the alleged oral contract, the claim was barred by the statute of frauds. *Id.* at 129 (*quoting Collins v. McCombs,* 511 S.W.2d at 747).

In *Keriotis v. Lombardo Rental Trust,* the plaintiff sued under the Deceptive Trade Practices Act for damages arising from the defendant's alleged oral misrepresentation that it would sell a piece of land. The sole question on appeal was whether the statute of frauds applied to a suit for damages for deceptive acts committed in connection with the sale of real estate. The plaintiff alleged that the defendant agreed to sell the real estate to him for $75,000.00. When the defendant sold the property to a third party for $105,000.00, the plaintiff sued. He sued for the difference between the price allegedly promised and the sale price. Relying in part on *Collins v. McCombs,* the court reasoned that both the alleged misrepresentation, and the damages sought, showed that the plaintiff was attempting to enforce an oral agreement for the sale of land. The court held the statute of frauds barred the action. *Id.* at 44.

These cases all involve attempts to enforce oral agreements. In this respect, they differ from the case at hand. The appellees argue that the appellant contracted for financing of the joint venture. He gave his personal guaranties to several lenders in exchange for the loans. Since the joint venture obtained the loans, the appellees argue that the appellant received the benefit of his bargain. They are attempting to categorize the appellant's claim as contractual by relying on the loan agreements between the appellant and the lenders. The appellant, however, has not argued that the lenders breached their loan agreements. He argues that the appellees induced him to enter into the loan agreements by fraudulently telling him that his personal liability would be extinguished.

The appellees also rely on *Southwestern Bell v. Delanney,* 809 S.W.2d 493 (Tex. 1991). In that case the supreme court held that the defendant's failure to publish the plaintiff's advertisement was not actionable in tort. *Id.* at 495. In reaching this conclusion, the court observed that the only duty owed to the plaintiff arose from a contract. The court also stated that in determining whether a party can recover on a tort theory, it is instructive to examine the nature of the plaintiff's loss. *Id.* at 494. When the injury is only the economic loss to the contract itself, the action sounds in contract alone. *Id.* at 494–495 (*quoting Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986)).

▮ The appellees argue that the appellant is seeking to recover the benefit of his bargain, a contractual measure of damages. They base this argument on the fact that the amount of the judgments obtained against the appellant roughly equals the damages sought from the appellees. We are not persuaded by this argument. Our common law allows recovery of either the benefit of the bargain measure of damages or out of pocket losses in fraud claims. *See Leyendecker & Associates, Inc. v. Wechter,* 683 S.W.2d 369 (Tex.1984). The judgments against the appellant obviously constitute a large part of his damages. If permanent financing existed, as the appellant alleges he was assured, he would not have had the judgments rendered against him.

▮ While it may have been unreasonable for the appellant to rely on oral representations in making his investments, this issue was not before the trial court. The appellees chose to rely solely upon the statute of frauds in their motions for summary judgment. Summary judgment cannot be granted on a cause of action or defense that is not expressly presented to the trial court. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Chessher v. Southwestern Bell Telephone,* 658 S.W.2d 563, 564 (Tex.1983). In order to recover on his fraud claim, the appellant had to prove: (1) that a material

representation was made; (2) that it was false; (3) that the speaker knew it was false when made or made it without any knowledge of the truth, and made it as a positive assertion; (4) that he made it with the intention that it be acted upon by the other party; (5) that the party acted in reliance upon it; and (6) damages. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex.1977). The appellee failed to disprove any of these elements as a matter of law. We hold that the trial court erred by granting summary judgment based on the statute of frauds. The first point of error is sustained.

In his second point of error, the appellant argues the appellees lack standing to raise the statute of frauds as an affirmative defense. Since we hold that the statute of frauds does not apply to the appellant's claims, we need not address the second point of error. We reverse the summary judgments in favor of the appellees and remand these causes to the trial court.