Affirmed and Opinion filed May 27, 2004









Affirmed and Opinion filed May 27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00286-CV

____________

 

JAMES FRASER
CRUIKSHANK,
Appellant

 

V.

 

CONSUMER DIRECT
MORTGAGE, INC.,
Appellee

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 2001-42598

 



 

  O
P I N I O N

James Fraser Cruikshank appeals the
summary judgment granted in favor of Consumer Direct Mortgage, Inc.   On appeal, Cruikshank contends the trial
court erred in striking portions of his summary judgment proof and in granting
summary judgment against him.  We affirm.

I. 
Factual and Procedural Background








Cruikshank was employed by Consumer Direct
Mortgage, Inc. (ACDM@) for
approximately six months.  When
Cruikshank accepted employment with CDM, he believed CDM would assist him in
obtaining his loan officer certification, would pay him while he was obtaining
his license, and would give him an opportunity to earn a substantial
income.  After his employment was
terminated, Cruikshank sued CDM for breach of his employment contract, wrongful
termination, fraud, tortious interference with business relations and
defamation.  

On December 20, 2002, CDM filed a motion
for summary judgment combining no evidence and matter of law grounds.  In support of its motion, CDM included
Cruikshank=s deposition excerpts.  The only proof Cruikshank offered in response
to CDM=s motion was his
own affidavit; CDM, however, filed objections and a motion to strike on January
8, 2003, challenging several statements contained in the affidavit.  On January 13, 2003, the trial court
sustained thirteen of CDM=s objections to the affidavit and then
granted CDM=s motion for summary judgment. 

Cruikshank raises four points of error on
appeal, claiming the trial court erred by: (1) striking hearsay statements in
his affidavit; (2) striking conclusory statements in his affidavit; (3)
striking legal conclusions in his affidavit; and (4) granting CDM=s motion for
summary judgment.    

II. 
Exclusion of Summary Judgment Evidence








In points of error one, two and three,
Cruikshank claims the trial court erred in sustaining CDM=s objections to
his affidavit.  CDM objected to
Cruikshank=s affidavit because it contained hearsay,
legal conclusions, conclusory statements, and statements contradicting his
earlier deposition testimony.  However,
there is nothing in the record showing Cruikshank filed any response to CDM=s motion to
strike, objected to the trial court=s ruling, or
requested the trial court to reconsider its decision to strike various portions
of his affidavit.  Some of Cruikshank=s objections on
appeal appear meritorious, even though the record does not show they were
presented to the trial court.  For
example, Cruikshank contends on appeal the trial court improperly excluded
statements as hearsay when, in fact, they were not hearsay because the
statements were admissions by a party opponent. 
But these complaints are not timely. 


AAs a prerequisite
to presenting a complaint for appellate review, the record must show that: (1)
the complaint was made to the trial court by a timely request, objection, or
motion . . . .@  Tex. R. App. P. 33.1(a).  We review the trial court=s decision to
exclude evidence under an abuse of discretion standard.  City of Brownsville v. Alvarado, 897
S.W.2d 750, 753 (Tex. 1995).  However,
appellant bears the burden to bring forth a sufficient record showing the trial
court abused its discretion.  Russell
v. City of Bryan, 919 S.W.2d 698, 706 (Tex. App.CHouston [14th
Dist.] 1996, writ denied).  Here, we do
not know what arguments were presented to the trial court at the summary
judgment hearing, and Cruikshank may not argue on appeal Aany and every new
[issue] that he can think of, nor can he resurrect [issues] that he abandoned
at the hearing.@  City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Rayl
v. Borger Econ. Dev. Corp., 963 S.W.2d 109, 113 (Tex. App.CAmarillo 1998, no
pet.)  By failing to object in the trial
court, appellant has waived the right to complain on appeal about the trial
court=s ruling.  Rayl, 963 S.W.2d at 113  (holding that because appellant did not
object to trial court=s ruling excluding summary judgment proof,
the issue is waived); Inglish v. Prudential Ins. Co. of Am., 928 S.W.2d
702, 705 (Tex. App.CHouston [1st Dist.] 1996, writ denied)
(holding that because appellants never requested opportunity to amend summary
judgment responses, appellants could not complain on appeal of trial court=s ruling
sustaining objections and special exceptions to their affidavit); Brooks v.
Sherry Lane Nat. Bank, 788 S.W.2d 874, 878 (Tex. App.CDallas 1990, no writ)
(holding appellant waived issue on appeal by not objecting to, or protesting,
the motion to strike before trial court).

Accordingly, we overrule appellant=s first three
issues.                           

III. 
CDM=s Motion for Summary Judgment

Summary Judgment Standards

In his fourth issue, appellant contends
the trial court erred in granting CDM=s motion 








for summary judgment. 
We review the granting of summary judgment de novo to determine
whether the summary judgment proof establishes as a matter of law there is no
genuine issue of material fact.  Nixon
v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985); Shaw v.
Maddox Metal Works, Inc., 73 S.W.3d 472, 476 (Tex. App.CDallas 2002, no
pet.).  On appeal, a summary judgment may
be affirmed only on the grounds specifically stated in the motion.  McConnell v. Southside Indep. Sch. Dist.,
858 S.W.2d 337, 339 (Tex. 1993).  When,
as in this case, the trial court=s order granting
summary judgment does not specify on what grounds it was granted, it must be
affirmed if any one of the grounds asserted in the motion is meritorious.  Collins v. Allied Pharmacy Mgmt., Inc.,
871 S.W.2d 929, 932 (Tex. App.CHouston [14th
Dist.] 1994, no writ); Massey v. Houston Baptist Univ., 902
S.W.2d 81, 83 (Tex. App.CHouston [1st Dist.] 1995, writ
denied).   

A defendant moving for a traditional
summary judgment has the burden of either conclusively disproving an element of
the plaintiff=s cause of action or conclusively proving
all of the elements of an affirmative defense that would overcome plaintiff=s cause of
action.  Collins, 871 S.W.2d at
932.  Once a defendant meets this
burden, the plaintiff must produce sufficient evidence to raise a fact issue as
to those elements.  Massey, 902
S.W.2d at 83.  Summary judgment in favor
of a defendant is proper only if, as a matter of law, the plaintiff could not
succeed on any of the theories pleaded.  Collins,
871 S.W.2d at 932.  Every reasonable
inference must be given to the non-movant and any doubts resolved in its
favor.  Nixon, 690 S.W.2d at
549.    








When the defendant moves for a no-evidence
summary judgment, it must specifically state the elements of a claim as to
which there is no evidence.  Tex. R. Civ. P. 166a(i); Green v.
Indus. Specialty Contractors, Inc., 1 S.W.3d 126, 130 (Tex. App.CHouston [1st
Dist.] 1999, no pet.).  Once a
no-evidence summary judgment has been filed, the non-movant must bring forth
more than a scintilla of evidence to raise a fact issue on the challenged
elements.  Id.  The evidence amounts to more than a scintilla
when it rises Ato a level that would enable reasonable
and fair-minded people to differ in their conclusions.@  Burroughs Wellcome Co. v. Crye, 907
S.W.2d 497, 499 (Tex. 1995).  We review
the granting of a no-evidence summary judgment in the light most favorable to
the non-movant, disregarding all contrary evidence and inferences.  Green, 1 S.W.3d at 130. 

Breach of Employment Contract

CDM contends on appeal, as it did in its
motion for summary judgment, the causes of action based on the existence of the
employment contract must fail as a matter of law because the agreement, as
alleged by Cruikshank, violates the statute of frauds.  Cruikshank contends, on the other hand, the
statute of frauds is inapplicable because the parties did not agree on a term
of employment.  The statute of frauds
requires all agreements which cannot be performed within one year to be in
writing.  Tex. Bus. & Com. Code Ann. ' 26.01(b)(6)
(Vernon 2002).  Therefore, the relevant
inquiry is not whether a specified term of employment existed, but rather,
whether the agreement was capable of being performed within one year.  See Schroeder v. Texas Iron Works, Inc.,
813 S.W.2d 483, 489 (Tex. 1991). 

CDM attached portions of Cruikshank=s deposition as
summary judgment proof.  In his
deposition, Cruikshank testified as follows:

Q:      Did you understand the agreement that you
reached with Consumer Direct Mortgage prior to the time that you left Momentum
was one that would involve you being employed and that Consumer Direct Mortgage
was agreeing to employ you for several years?

A:      Absolutely.  

 *    *    * 

Q:      But, nonetheless, you understood, did you
not, that the agreement that they were making with you in terms of their
commitment, their compensation arrangement with you, you understood even as you
were leaving Momentum, that was a basic agreement that was going to continue
for more than that one-year period, correct?

A:      Yeah.  








To refute CDM=s claims,
Cruikshank=s affidavit, attached as summary judgment
proof, contained the following statement: AI did not know how
long I would work for Defendant [CDM].@  The trial court, however, granted CDM=s motion to strike
this statement because it contradicted previous testimony.  That ruling has not been challenged on
appeal.  The only statement remaining in
Cruikshank=s affidavit regarding length of employment
is that the length was never determined. 
That, however, is not sufficient to remove the agreement from the
statute of frauds given Cruikshank=s deposition
testimony establishing the agreement was not capable of being performed in less
than one year.  Where an oral contract
does not contain the performance terms, the contract=s duration may be
implied from extrinsic evidence.    Niday
v. Niday, 643 S.W.2d 919, 920 (Tex. 1982). 
If that evidence establishes the contract cannot be performed within one
year, the oral contract violates the statute of frauds as a matter of law.  Id. 
We accept as true Cruikshank=s own deposition
testimony that the oral employment contract could not be performed within one
year;  therefore, the contract is not
enforceable under the statute of frauds. 
See Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501, 504
(Tex. 1998); Schroeder, 813 S.W.2d at 489 (holding appellant=s deposition
testimony that he believed his oral contract would exist for another eight to
ten years was unenforceable pursuant to statute of frauds). 

To establish a cause of action for
wrongful termination, Cruikshank was required to prove (1) he and CDM had a
contract that specifically provided that CDM did not have the right to
terminate the employment contract at will, and (2) the employment contract was
in writing.  Webber v. M.W.Kellogg Co.,
720 S.W.2d 124, 127 (Tex. App.CHouston [14th
Dist.] 1986, writ ref=d n.r.e.). 
Therefore, because the contract is unenforceable under the statute of
frauds, the claim for wrongful termination also fails as a matter of law.  Accordingly, we find the trial court did not
err in granting CDM=s motion for summary judgment as to the
breach of contract and wrongful termination claims.  

Defamation








To prevail on a cause of action for defamation,
Cruikshank was required to prove: (1) CDM published a statement; (2) the
statement was defamatory concerning Cruikshank; and (3) CDM was negligent
regarding the truth of the statement.  WFAA-TV,
Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998).  CDM moved for summary judgment, claiming
Cruikshank presented no evidence CDM published any defamatory statements or
that CDM was negligent regarding the truth of any such statement.  Cruikshank=s response to CDM=s motion for
summary judgment merely stated that Cruikshank=s affidavit was
sufficient to raise a fact issue. 
However, given our disposition of points of error one through three, the
remaining portions of the affidavit are insufficient to raise a genuine issue
of material fact to the challenged elements. 
Therefore, summary judgment was properly granted on Cruikshank=s defamation cause
of action.

Intentional Interference with Existing
and/or Prospective Business Relationship

CDM argued in its motion for summary
judgment there was no evidence (1) a contract existed, (2) CDM acted willfully
or intentionally, (3) CDM=s actions proximately caused the alleged
damage, or (4) Cruikshank suffered any actual damages.  See Prudential Ins. Co. of Am. v. Fin.
Review Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000).  In his response, Cruikshank claimed his
affidavit was sufficient to establish a genuine issue of material fact.  However, Cruikshank=s claims are based
on those portions of the affidavit excluded by the trial court.  Considering the remaining portions of
Cruikshank=s affidavit, Cruikshank has failed to
present more than a scintilla of evidence to overcome a no-evidence motion for
summary judgment.  Accordingly, since we
have upheld the trial court=s decision excluding
those portions of the affidavit relied upon by Cruikshank, we find summary
judgment was properly granted as to his intentional interference with existing
and/or prospective business relationship claims.  

Fraud

The only cause of action not specifically
addressed in either party=s summary judgment pleadings or on appeal
was Cruikshank=s fraud allegation.  The trial court=s order granting
summary judgment dismissed all of Cruikshank=s causes of action
against CDM.  CDM did not specifically
address this cause of action in its motion for summary judgment; however, it
moved for summary judgment on all causes of action related to the employment
contract.  Further, Cruikshank=s amended petition
did not delineate what actions CDM took to defraud him. 








Criukshank=s fourth point of
error specifically states: AThe trial court
erred in granting CDM=s motion for summary judgment because
numerous fact issues existed.@  Under the Malooly rule, a point of
error stating generally the trial court erred in granting summary judgment Ais sufficient to
preserve error and to allow argument as to all possible grounds upon which
summary judgment should have been denied.@  Spera v. Fleming, Hovenkamp & Grayson,
P.C., 25 S.W.3d 863, 874 (Tex. App.CHouston [14th
Dist.] 2000, no pet.) (quoting Plexchem Int=l, Inc. v. Harris
County Appraisal Dist., 922 S.W.2d 930, 930B31 (Tex. 1996)
(per curiam)).  Although Cruikshank has
made a general Malooly point of error, we hold this is only sufficient
to preserve a complaint if the specific ground challenged on appeal is
supported by argument.  See Tex. R. App. P. 38.1(h); Spera,
25 S.W.3d at 874.  Cruikshank has failed
to present any argument or authorities on the fraud cause of action in his
brief on appeal.  He also failed to
allege in his response to summary judgment, or in any pleadings submitted to
the trial court, that his fraud claim was improperly included in the final
summary judgment.  Therefore, because
Cruikshank has failed to raise any proper complaint regarding the trial court=s grant of summary
judgment on his fraud claim, any error is waived. 

Appellant=s forth point of
error is overruled.

IV. 
Conclusion

Having
overruled appellant=s four points of error, we affirm
the judgment of the trial court.  

 

 

/s/      John S. Anderson

Justice

 

 

 

Judgment
rendered and Opinion filed May 27, 2004.

Panel
consists of Justices Anderson, Seymore and Murphy.[1]











[1]  Senior Chief
Justice Paul C. Murphy sitting by assignment.