**Al RAYL, d/b/a Wild West Supply And Frame Factory, Appellant,**

v.

**BORGER ECONOMIC DEVELOPMENT CORPORATION, Appellee.**

No. 07–97–0088–CV.

Court of Appeals of Texas, Amarillo.

Jan. 20, 1998.

Philip R. Russ, Amarillo, for appellant.

Gassaway Gurley & Mitchell, Leon Mitchell, Borger, for appellee.

Before BOYD, C.J., and DODSON and REAVIS, JJ.

REAVIS, Justice.

Appellant, Al Rayl, d/b/a Wild West Supply and Frame Factory, (Rayl), brings this appeal from a summary judgment rendered upon the motion of the Borger Economic Development Corporation (BEDC), appellee, granting the BEDC a money judgment against Rayl and dismissing the action filed by Rayl against the BEDC. By one point of error, Rayl contends that material fact issues existed as to whether the BEDC was performing a governmental function precluding summary judgment, and he seeks a reversal of the judgment and a remand of the cause for a determination of whether sovereign immunity should be extended to an economic development corporation. We conclude that the trial court properly granted the BEDC's motion for summary judgment and affirm.

The BEDC is an economic development corporation organized to promote economic growth within the city limits of Borger, Texas. Its existence is authorized by Texas Revised Civil Statutes Annotated article 5190.6 (Vernon Supp.1998), otherwise known as the Development Corporation Act of 1979.

In early 1993, Rayl and a representative of the BEDC met and discussed an arrangement whereby the BEDC would make a loan to Rayl and lease certain commercial property to him to enable Rayl to relocate his business in Borger. After preliminary discussions, the loan was established by a promissory note, security documentation, and a written loan agreement. On March 4, 1993, Rayl signed the promissory note in the amount of $150,000.00 payable to the BEDC in monthly installments, bearing five percent interest. The note contained a provision for the payment of attorney's fees of not less than fifteen percent of the balance owing if it was placed with an attorney for collection. The payment of the note was secured by a security agreement dated March 4, 1993, covering all of Rayl's inventory, accounts receivable, and contract rights. Also, on March 4, 1993, Rayl and the BEDC signed a written loan agreement. The loan agreement provided in part:

> 13. *Benefit and Binding Effect.* This Agreement is subject to the approval of the City Council of Borger, Hutchinson County, Texas, **and shall not be effective until the City Council's approval is received.** ... (Emphasis added).

Paragraph 16 of the loan agreement further provided that any amendments to the agreement had to be in writing and signed by the parties.

In October 1994, the BEDC and Rayl entered into a written lease agreement whereby the BEDC leased a tract of land and improvements to Rayl for his business purposes. Among other provisions, it provided that:

> 16.04 *Prior Agreements Superseded.* This agreement constitutes the sole and only agreement of the parties to the agreement and supersedes any prior understandings or written or oral agreements

between the parties respecting the subject matter of this agreement.

Paragraph 16.05 of the lease agreement provided that any modification of the agreement had to be in writing and signed by the parties. The lease was for a term of fifteen months, and was signed by the mayor of Borger as required by the lease.

Eight months after the BEDC leased the commercial property to Rayl, he filed this action against the BEDC alleging generally that representatives of the BEDC had made false and misleading representations as inducements to Rayl and, because he moved his business to Borger in reliance on these misrepresentations, that he suffered economic damages. By his original petition, Rayl sought relief under the Deceptive Trade Practice Act. (*See* Tex. Bus. & Com.Code Ann. Chapter 17 (Vernon 1987 & Supp. 1998)). He also alleged claims for breach of contract, breach of fiduciary duties, tortious interference, and sought exemplary damages, attorney's fees, and injunctive relief. Rayl did not allege any claim under the Texas Tort Claims Act, (*see* Tex. Civ. Prac. & Rem. Code Ann. Chapter 101 (Vernon 1997 & Supp.1998)), and did not allege that the note, security agreement, loan agreement or the lease were ambiguous or that they failed to contain the entire written agreement of the parties, nor did Rayl assert any fraud, accident, or mistake in the written documentation. Moreover, Rayl did not allege that the false representations and inducements were made with the authority of the directors of the BEDC and with the approval of the City Council of Borger.

The BEDC answered by a general denial, raised an affirmative defense of immunity from liability by reason of Texas Civil Practice & Remedies Code Annotated section 101.001, et. seq. (Vernon 1997 & Supp.1998), and claimed that Rayl did not deliver the requisite notice to the BEDC as required by Texas Business & Commerce Code Annotated section 17.505 (Vernon Supp.1998). The BEDC also filed a counterclaim seeking (1) judgment for the balance owing on the note and attorney's fees, (2) foreclosure of the security interest in the collateral, and (3) unpaid rental under the written lease. In

response to the counterclaim, and in addition to a general denial for his affirmative defenses, Rayl alleged that the actions of the BEDC had rendered his performance impossible thereby discharging him; that breach of the agreement by the BEDC discharged him, and that the claims of the BEDC were barred by virtue of the usurious nature of the transaction. After foreclosure of the collateral by way of a writ of sequestration, the BEDC filed a motion for summary judgment.

By its motion for summary judgment, the BEDC sought (1) a money judgment against Rayl for the balance owing on the note and the lease agreement, attorney's fees, and (2) sought to be discharged from the claims of Rayl based in part on governmental immunity.

In opposition to the BEDC's motion for summary judgment, Rayl asserted that: (1) the BEDC unlawfully foreclosed and disposed of the collateral at prices substantially below market value thereby discharging Rayl from any deficiency; (2) the BEDC was not entitled to sovereign immunity; and (3) Rayl's failure to pay the note and rental were caused by the BEDC's breaches, misrepresentations and false promises, rendering Rayl's performance impossible. However, Rayl did not contend that genuine questions of fact existed precluding the summary judgment. Rayl's response to the motion stated that Rayl adopted his testimony at a prior hearing relative to BEDC's breach of contract and its alleged misrepresentations, rendering his performance impossible. However, a transcription of the referenced testimony at the prior hearing was not attached to the response or otherwise provided as summary judgment evidence. Rayl's response was also supported by his affidavit in opposition to the BEDC's motion for summary judgment. In his response, Rayl did not oppose the award of attorney's fees, nor did he contend that the amount of attorney's fees constituted a question of fact.

The BEDC then filed its objection to the affidavit of Rayl, contending that:

- the affidavit does not show that it was made on personal knowledge of the affiant;

- the statements that Rayl (1) relied to his detriment (2) accepted the promises (3) that he relied upon the promises and (4) that the sale of the collateral was below market value are conclusions and not competent summary judgment evidence;

- any promises made by individual members or agents of the BEDC were without legal significance because the acts of a single member of a governing body cannot create an estoppel against the governing body; and

- the affidavit fails to demonstrate that the alleged representations were authorized by minutes or resolutions of the BEDC.

The BEDC's objection to the affidavit of Rayl, and its motion for summary judgment, were heard on October 30, 1996, and on February 20, 1997, the trial court signed a judgment which:

(1) sustained the BEDC's objections to Rayl's affidavit;

(2) granted the BEDC a money judgment against Rayl for $165,781.16 plus 18% interest commencing October 30, 1996, until paid;

(3) awarded the BEDC attorney's fees in the sum of $13,883.40 through the trial court; plus $4,500.00 through this Court and $2,400.00 if application for writ of error is granted to the Supreme Court but the appeal is unsuccessful; and

(4) dismissed Rayl's action against the BEDC.

By one point of error without sub-parts, Rayl contends that the trial court erred in granting the BEDC's motion for summary judgment.

### STANDARD OF REVIEW

Under Texas Rule of Civil Procedure 166a(c), a summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). In a summary judgment proceeding the movant has the burden to establish his entitlement to a summary judgment, and all doubts about the existence of a genuine issue of fact are resolved against the movant. *Roskey v. Texas Health Facilities*

*Comm'n.,* 639 S.W.2d 302, 303 (Tex.1982). If the movant established a right to summary judgment, the burden shifts to the nonmovant, who then must respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Issues which are not expressly presented to the trial court by written motion, answer or other response may not be considered on appeal as grounds for reversal of a summary judgment. *McConnell v. Southside School Dist.,* 858 S.W.2d 337, 343 (Tex.1993). Where, as here, the trial court's order does not specify the grounds relied upon for its ruling, the summary judgment will be affirmed on appeal if any ground presented in the motion is meritorious. *Insurance Co. of North America v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

### RAYL'S OPPOSING AFFIDAVIT & SUMMARY JUDGMENT EVIDENCE

Initially, we consider the effect of the trial court's action in sustaining the BEDC's objection to Rayl's affidavit, and in striking Rayl's affidavit in opposition to the BEDC's motion for summary judgment. The summary judgment was heard on October 30, 1996, but the judgment was not signed until February 20, 1997. In its order, the trial court expressly sustained the BEDC's objection to Rayl's affidavit in opposition to the motion for summary judgment, but the record does not show that Rayl objected to this ruling in the trial court. Under Texas Rule of Civil Procedure 166a(c) issues not expressly presented to the trial court by written motion, or other response may not be considered on appeal as grounds for reversal. Rayl may not urge on appeal as grounds for reversal of the summary judgment, "any and every new ground that he can think of, nor can he resurrect grounds that he abandoned at the hearing." *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678.

■ The record does not contain any reply by Rayl to the BEDC's objections to his affidavit, nor any objection by Rayl to the action of the trial court in sustaining the objections of the BEDC to his affidavit. Moreover, Rayl does not present any contention in this Court, by point of error, subpoint, or argument and briefing, that the striking of his affidavit was erroneous and that his affidavit created a fact question precluding the summary judgment. Accordingly, Rayl has not met the requirements of Texas Rule of Civil Procedure 166a(c), or the briefing requirements for consideration of points on appeal. Tex.R.App. P. 74(f); *St. Paul Surplus Lines v. Dal–Worth Tank,* 917 S.W.2d 29, 54 (Tex.App.—Amarillo 1995, no writ); *Brooks v. Sherry Lane Nat. Bank,* 788 S.W.2d 874, 878 (Tex.App.—Dallas 1990, no writ). Whether the affidavit of Rayl could raise a fact issue is not before us and we cannot consider it. We therefore affirm that portion of the trial court's judgment sustaining the BEDC's objections to the affidavit.

■ In addition to his affidavit, Rayl attempted to "adopt" his testimony at a prior hearing relating to the BEDC's alleged breach of contract, its misrepresentations, and its acts which rendered his performance impossible. He contended in the trial court that his prior testimony raised fact questions precluding summary judgment. Notwithstanding this contention however, the prior testimony was not evidenced or supported by a transcription or deposition. Because "oral testimony" is not proper in a summary judgment proceeding, and because the referenced "oral testimony" was not otherwise transcribed and submitted in the trial court in support of his opposition, it is not in the record for our review, and cannot be considered as raising fact questions precluding summary judgment. Tex.R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 675–77.

### MONEY JUDGMENT & ATTORNEY'S FEES

■ We next consider that portion of the judgment whereby the trial court awarded the BEDC recovery on the note, attorney's fees, and a money judgment for lease rentals. Initially, we note that Rayl did not claim in the trial court that he did not execute the note, or that the amount alleged to be owing

on the note and the lease were incorrect, and he did not, by opposing summary judgment evidence or otherwise, attack the award of attorney's fees or the amount thereof. Because Rayl did not expressly present to the trial court any issues defeating the BEDC's entitlement to summary judgment on the note, lease, and attorney's fees, by written answer or response, these questions cannot be considered as grounds for reversal on appeal. Tex.R. Civ. P. 166a(c); *McConnell v. Southside School Dist.*, 858 S.W.2d 337, 343 (Tex.1993).

■ Moreover, Rayl does not by a separate point, subpoint, or by argument, attack the money judgment for the balance owing on the note, lease, or the award of attorney's fees. Rather, Rayl's brief and argument address only the question of governmental immunity, and the brief concludes by requesting that the judgment be reversed and the cause remanded to determine, "if sovereign immunity should be extended to economic development corporations regardless of what duties they perform." Because the money judgment and the award of attorney's fees were not preserved in the trial court, and are not preserved or addressed here, no question concerning the money judgment or the attorney's fees is presented. Tex.R. App P. 74(f); *St. Paul Surplus Lines v. Dal–Worth Tank*, 917 S.W.2d at 54; *Brooks v. Sherry Lane Nat. Bank*, 788 S.W.2d at 878. Accordingly, we affirm that portion of the judgment awarding the BEDC a money judgment on the note, lease, and attorney's fees.

### DENIAL OF RAYL'S CLAIMS

By his sole point of error, Rayl contends that the trial court erred in granting the BEDC's motion for summary judgment. His argument addresses, and the authorities he cites cover, the question of whether governmental (sovereign) immunity is extended to the BEDC. By its first reply point, the BEDC contends that Texas Revised Civil Statute Annotated article 5190.6 (Vernon Supp.1998), extends governmental immunity to the BEDC. By its second reply point, the BEDC contends that the judgment should also be affirmed because (1) the allegations of Rayl are precluded by the integration clause

in the lease agreement, and (2) Rayl failed to meet his burden of producing evidence to avoid the motion for summary judgment. Based upon the rationale set forth below, Rayl's sole point of error is overruled.

■ Texas Revised Civil Statute Annotated article 5190.6 (Vernon Supp.1998), commonly known as the Development Corporation Act of 1979, expressly extends governmental immunity to the BEDC. Specifically, subsection (j) provides in part:

> The corporation, a director of the corporation, the city creating the corporation, a member of the governing body of the city, or an employee of the corporation or the city is not liable for damages arising from the performance of a governmental function of the corporation or city. For purposes of the Texas Tort Claims Act (Subchapter A, Chapter 101, Civil Practice and Remedies Code), **the corporation is a governmental unit and its actions are governmental functions.** (Emphasis added).

Although the BEDC is subject to the Texas Tort Claims Act, Rayl's claims were not based upon that Act, rather his allegations were based upon the Deceptive Trade Practices Act, breach of contract, misrepresentation, and the like. Among other powers granted by the Legislature, article 5190.6, section 23(a), subsections (2) & (4) expressly authorize the BEDC to lease property to the user and to make loans, secured or unsecured to the user, upon such terms as its board of directors may deem advisable. Thus, the actions of the BEDC in making the loan and lease to Rayl were expressly authorized by the enabling legislation and, accordingly, were "governmental functions." Because Rayl raised no fact questions by presenting proper evidence in opposition to the BEDC's motion for summary judgment, the trial court did not err in granting the motion.

■ Moreover, as urged by the BEDC, the judgment is also subject to affirmance because the claims of Rayl are precluded by the integration clause in the lease agreement. On March 4, 1993, the loan and loan agreement were executed. Later, in October 1994,

Rayl and the BEDC made the lease agreement. As set forth above, paragraph 16.04 of the lease provided that the lease agreement constituted the only agreement of the parties and paragraph 16.05 provided that any modification of the agreement must be in writing. Rayl did not allege that the agreement was incomplete because of fraud, accident, or mistake, and did not allege that the claimed inducements were made upon such "terms and conditions as its board of directors may deem advisable." Nor did he oppose the motion for summary judgment with proper evidence raising a question of fact. Because the summary judgment under review does not specify the grounds upon which it was granted, it will be affirmed on appeal if any ground presented is meritorious. *Insurance Co. of North America v. Security Ins. Co.*, 790 S.W.2d at 410. Here, because Rayl did not allege, nor provide, any summary judgment evidence which would override the effect of the integration clause, *see Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30, 32 (1958), and for the reasons expressed above, appellant's sole point of error is overruled.

Accordingly, the judgment is affirmed.