
OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

February 22, 2001

The Honorable Edwin E. Powell, Jr.
Coryell County Attorney
113 South 7th Street
P.O. Box 796
Gatesville, Texas 76528

Opinion No. JC-0349

Re: Whether members of the board of directors of the Copperas Cove Economic Development Corporation may be reappointed to a subsequent term (RQ-0301-JC)

Dear Mr. Powell:

You ask whether directors of the Copperas Cove Economic Development Corporation (the "corporation"), established under section 4A of article 5190.6, TEX. REV. CIV. STAT. ANN. (Vernon Supp. 2001), may be reappointed to a subsequent term of service. Absent any restriction in the articles of incorporation or bylaws of the Copperas Cove Economic Development Corporation, or in the charter or ordinances of the City of Copperas Cove, the governing body of the City of Copperas Cove may reappoint a director of the corporation to a subsequent term as director. Whether or not it reappoints a particular individual is a matter for the governing body of the city, in the exercise of its reasonable discretion.

You state that the City of Copperas Cove has established the Copperas Cove Economic Development Corporation in accordance with the provisions of section 4A of article 5190.6, the Development Corporation Act of 1979 (the "Act").[1] TEX. REV. CIV. STAT. ANN. art. 5190.6 (Vernon 1987 & Supp. 2001). This statute authorizes various political subdivisions to create an industrial development corporation to act on the subdivision's behalf in promoting economic development. See id. § 4(a) (Vernon Supp. 2001); see also id. §§ 2(8), (13) (Vernon 1987) (definitions), 3 (Vernon Supp. 2001) (findings); see generally Rayl v. Borger Econ. Dev. Corp. 963 S.W.2d 109, 111 (Tex. App.–Amarillo 1998, no pet.). The articles of incorporation must set forth a number of statements, including the following:

> (2) a statement that the corporation is a nonprofit corporation;
>
> . . . .

[1]Letter from Honorable Edwin E. Powell, Jr., Coryell County Attorney, to Opinion Division, Attorney General of Texas (Oct. 25, 2000) (on file with Opinion Committee).

(6) any provision not inconsistent with law, including any provision which under this Act [article 5190.6, TEX. REV. CIV. STAT. ANN.] is required or permitted to be set forth in the bylaws, for the regulation of the internal affairs of the corporation.

TEX. REV. CIV. STAT. ANN art. 5190.6, § 6 (Vernon 1987).

The powers of a corporation established under the Act are vested in a board of directors of "any number of directors, not less than three," each of whom shall be appointed by the unit of government that created the corporation "for a term of no more than six years, and each of whom shall be removable by the unit for cause or at will." *Id.* § 11. The corporation has "all of the rights, powers, privileges, authority, and functions given by the general laws of this state to nonprofit corporations incorporated under the Texas Non-Profit Corporation Act, as amended (Article 1396-1.01 et seq., Vernon's Texas Civil Statutes)," but to the extent the general law is inconsistent with the Act, the Act prevails. *Id.* § 23(a) (Vernon Supp. 2001). A corporation may "make and alter bylaws not inconsistent with its articles of incorporation or with the laws of this state . . . for the administration and regulation of the affairs of the corporation," subject to the approval of the unit of government that authorized its creation. *Id.* § 23(a)(10). It "is not intended to be and shall not be a political subdivision or a political corporation within the meaning of the constitution and the laws of the state." *Id.* § 22 (Vernon 1987); *see* Tex. Att'y Gen. Op. Nos. JC-0109 (1999) at 2, JC-0032 (1999) at 2 (development corporations established under article 5190.6, TEX. REV. CIV. STAT. ANN., are not political subdivisions for purposes of the statute on sales of real property or the prevailing wage law). The unit of government that creates an industrial development corporation "shall never delegate to a corporation any of such unit's attributes of sovereignty, including the power to tax, the power of eminent domain, and the police power." TEX. REV. CIV. STAT. ANN. art. 5190.6, § 22 (Vernon 1987).

Section 4A of article 5190.6 authorizes cities within specified population categories to establish a development corporation with the power to expend the proceeds of an economic development sales tax levied by the city. *Id.* § 4A(a), (b) (Vernon Supp. 2001). The proceeds of the tax are used by the corporation to carry out its authorized purposes. *Id.* § 4A(d); *see also id.* § 4(a). A corporation created under section 4A "has the powers and is subject to the limitations of a corporation created under other provisions of this Act [article 5190.6 of the Revised Civil Statutes]." *Id.* § 4A(b)(1). To the extent of a conflict between section 4A and another provision of article 5190.6, section 4A prevails. *Id.*

Section 4A provides that "[t]he board of directors of a corporation under this section consists of five directors who are appointed by the governing body of the city and who serve at the pleasure of the governing body." *Id.* § 4A(c). Section 4A thus fixes the number of directors at five, prevailing over the conflicting language of section 11, that allows for "any number of directors, not less than three." *See id.* § 4A(b)(1). Neither section 4A nor section 11 of article 5190.6 establishes a term of office for directors of a corporation, although section 11 does place a six-year limit on any term that may be established. The statute does not expressly bar the reappointment of a director to

a corporation established under section 4A or limit the length of time a person may serve in that position. In contrast, a director of a corporation authorized by a county alliance under section 4D[2] of article 5190.6, Revised Civil Statutes, "may not serve more than six years." *Id.* § 4D(b), *added by* Act of May 20, 1999, 76th Leg., R.S., ch. 973, § 2, 1999 Tex. Gen. Laws 3722, 3723-24. *See generally* H. B. Chermside, Jr., Annotation, *Construction and Effect of Constitutional or Statutory Provisions Disqualifying One for Public Office Because of Previous Tenure of Office*, 59 ALR2d 716 (1958) (disqualifications for public office based on prior service are expressly provided by constitution or statutes).

The articles of incorporation or the bylaws of the Copperas Cove Economic Development Corporation may, however, establish a term of service not to exceed six years, subject to the city governing body's statutory authority to remove a director at any time. *See* TEX. REV. CIV. STAT. ANN. art. 1396-2.15(B) (Vernon 1997) (directors shall be appointed for the terms provided in the articles of incorporation or the bylaws). If the articles of incorporation or the bylaws do not establish a lesser term of service, directors of the Copperas Cove Economic Development Corporation will serve a six year term pursuant to section 11 of article 5190.6, subject to removal at the pleasure of the city governing body.

Article 5190.6 of the Revised Civil Statutes, as we have already noted, does not expressly disqualify any person who has previously served as director of a section 4A corporation from reappointment to that position. Nor does the Texas Non-Profit Corporation Act disqualify a director of a corporation from reappointment to that position. However, the articles of incorporation or the bylaws of a nonprofit corporation may prescribe qualifications for directors. *See id.* art. 1396-2.14(A). If the articles of incorporation or bylaws of the Copperas Cove Economic Development Corporation disqualify persons who have served as director from being reappointed to that position, the city governing body must comply with that restriction in making appointments. Moreover, if the city charter, an ordinance, or a resolution includes a provision that would bar the reappointment of a director to the corporation, the city governing body must comply with that restriction. We do not know whether the articles of incorporation or bylaws of the Copperas Cove Economic Development Corporation or the charter or an ordinance or resolution of the City of Copperas Cove includes any provision disqualifying an individual with prior service from reappointment as a director, but we assume that the city governing body would be aware of and comply with any such disqualification that exists.

Absent any restriction in the articles of incorporation or bylaws of the Copperas Cove Economic Development Corporation, or in the charter, an ordinance, or a resolution of the City of Copperas Cove, the governing body of the City of Copperas Cove may reappoint a director of the 4A corporation to subsequent service as director. Whether or not it reappoints a particular individual is a matter for the governing body of the city, in the exercise of its reasonable discretion.

---

[2]The 76th Legislature adopted two provisions as section 4D of article 5190.6, TEX. REV. CIV. STAT. ANN. (Vernon Supp. 2001). The section 4D relating to the creation of a corporation by a county alliance was adopted by House Bill 2614. *See* Act of May 20, 1999, 76th Leg., R.S., ch. 973, § 2, 1999 Tex. Gen. Laws 3722, 3723-24.

## S U M M A R Y

Directors of a corporation created under section 4A of article 5190.6, Revised Civil Statutes, serve a six-year term pursuant to section 11 of article 5190.6, subject to removal at any time by the governing body of the city that created the corporation, unless the articles of incorporation or bylaws of the corporation establish a shorter term of service. Neither article 5190.6 nor the Texas Non-Profit Corporation Act, article 1396 of the Revised Civil Statutes, bars a director of a corporation created under article 5190.6, section 4A from being reappointed as director. The governing body of the City of Copperas Cove may reappoint a director of the corporation to subsequent service as director, absent any contrary provision in the articles of incorporation or bylaws of the Copperas Cove Economic Development Corporation, or in the city charter, an ordinance, or a resolution of the City of Copperas Cove. Whether or not the city reappoints a particular individual as director is a matter for the governing body of the city, in the exercise of its reasonable discretion.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee