Office of the Attorney General · State of Texas

February 12, 2001

The Honorable Jim Solis
Chair, Committee on Economic Development
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0338

Re: Whether an Economic Development Board may vote to approve funding for a business owned by a member of the board   (RQ-0279-JC)

Dear Representative Solis:

You ask whether the board of the San Benito Economic Development Corporation, created under section 4B of article 5190.6, Revised Civil Statutes, the Development Corporation Act of 1979 (the "Act"),[1] may vote to approve funding for a business owned by a member of that board. We do not know the nature of the proposed transaction, whether the funding is a loan, a grant subject to contractual restrictions, or some other transaction. Nor do we know the nature of the board member's ownership interest in the business or what kind of business it is. Accordingly, we will address the conflict of interest standards generally applicable to transactions between an economic development corporation and a member of the board. We conclude that the board of an economic development corporation may not approve a loan to a director of the corporation. See TEX. REV. CIV. STAT. ANN. art. 1396-2.25 (Vernon 1997). Otherwise, the corporation is not prohibited from entering into a contract or other transaction with a member of the board if it complies with the provisions of the Non-Profit Corporation Act governing transactions with directors. See id. art. 1396-2.30.

The purpose of the Development Corporation Act is to provide "means and measures . . . especially with respect to financing," to promote the economic welfare of the state by "the securing and retaining of business enterprises." Id. art. 5190.6, § 3(a)(4) (Vernon Supp. 2000). It authorizes a city, county, or conservation and reclamation district established under article XVI, section 59 of the Texas Constitution to create an industrial development corporation to act on its behalf in promoting economic development. See id. § 4(a); see also id. §§ 2(8), (13) (definitions), 3

---

[1]SAN BENITO INDUSTRIAL DEVELOPMENT AUTHORITY INC., IDA POLICIES, available at http://www.sbida.com/IDA (last visited Nov. 29, 2000). See also Tex. Att'y Gen. Op. No. JC-0118 (1999) at 1 (requesting on behalf of San Benito and McAllen advice about section 4B of article 5190.6, Revised Civil Statutes).

(findings); *see generally Rayl v. Borger Econ. Dev. Corp.* 963 S.W.2d 109, 111 (Tex. App.–Amarillo 1998, no pet.). The corporation "shall have and exercise all of the rights, powers, privileges, authority, and functions given by the general laws of this state to nonprofit corporations incorporated under the Texas Non-Profit Corporation Act, as amended (Article 1396-1.01 et seq., Vernon's Texas Civil Statutes)," except to the extent that its provisions are in conflict or inconsistent with the Act. TEX. REV. CIV. STAT. ANN. art. 5190.6, § 23(a) (Vernon Supp. 2000). Additional powers of the corporation are set out in the Act. *See id.* The unit of government that creates it "shall never delegate to a corporation any of such unit's attributes of sovereignty, including the power to tax, the power of eminent domain, and the police power." *Id.* § 22 (Vernon 1987). Pursuant to an express provision, a corporation established under section 4B "may exercise the power of eminent domain only on approval of the action by the . . . city" that created the corporation. *Id.* § 4B(j) (Vernon Supp. 2000). A development corporation's exercise of powers is subject "at all times to the control of the governing body of the unit under whose auspices the corporation was created." *Id.* § 23(a)(12).

Section 4B of article 5190.6 authorizes certain cities, as determined by population and other factors, to establish a development corporation to carry out projects as defined in section 4B(a)(2) of article 5190.6. *See id.* § 4B. The city may levy a sales and use tax for the benefit of the corporation, subject to voter approval. *See id.* § 4B(d). Corporations created under section 4B have the powers and are subject to the limitations of a corporation created under other provisions of article 5190.6, but to the extent of any conflict, section 4B prevails. *See id.* § 4B(b).

The governing body of the unit that created the corporation appoints its board of directors. *See id.* § 11 (Vernon 1987); *see also id.* § 6(8) (number of directors and the names of original directors are stated in the articles of incorporation). The board of a corporation created under section 4B consists of seven directors appointed by the governing body of the city for two-year terms and subject to removal by the governing body at any time without cause. *Id.* § 4B(c) (Vernon Supp. 2000).

Article 5190.6, Revised Civil Statutes, does not expressly address transactions by a development corporation in which a director has a personal financial interest. The directors of a development corporation are not subject to chapter 171 of the Local Government Code, which regulates conflicts of interest of local public officials. A "[l]ocal public official" within chapter 171 is a member of the governing body or another officer of "any district (including a school district), county, municipality, precinct, central appraisal district, transit authority or district, or other local governmental entity." TEX. LOC. GOV'T CODE ANN. § 171.001(a) (Vernon 1999). A corporation established under article 5190.6 "is not intended to be and shall not be a political subdivision or a political corporation within the meaning of the constitution and the laws of the state." TEX. REV. CIV. STAT. ANN. art 5190.6, § 22 (Vernon 1987); *see* Tex. Att'y Gen. Op. Nos. JC-0109 (1999) at 2, JC-0032 (1999) at 2 (development corporations established under article 5190.6, Revised Civil Statutes, are not political subdivisions for purposes of the statute on sales of real property or the prevailing wage law). *See Central Appraisal Dist. of Erath County v. Pecan Valley Facilities, Inc.,* 704 S.W.2d 86, 89 (Tex. App.–Eastland 1985, writ ref. n.r.e.) (nonprofit corporation created to assist

a local mental health mental retardation region is not a governmental entity or agency for purpose of exemption from ad valorem tax); *see also* TEX. GOV'T CODE ANN. §§ 2253.001(1), .021(a) (Vernon 2000) (quasi-governmental authority with authority to make a public work contract is subject to statute requiring performance and payment bonds); *Transamerica Ins. Co. v. Housing Authority of City of Victoria*, 669 S.W.2d 818, 822 (Tex. App.–Corpus Christi 1984, writ ref. n.r.e.) (housing authority is a quasi-governmental entity subject to statute of limitations in performance and payment bond statute). We conclude that a development corporation created under the Act is not a political subdivision nor any other "local governmental entity" subject to chapter 171 of the Local Government Code.

However, article 5190.6 provides that corporations organized under the article "shall have and exercise all of the rights, powers, privileges, authority, and functions given by the general laws of this state to nonprofit corporations incorporated under the Texas Non-Profit Corporation Act, as amended (Article 1396-1.01 et seq., Vernon's Texas Civil Statutes)," not inconsistent with article 5190.6. TEX. REV. CIV. STAT. ANN. art. 5190.6, § 23(a) (Vernon Supp. 2000). Corporations incorporated under the Texas Non-Profit Corporation Act have certain rights and privileges in connection with transactions between the corporation and its directors. Article 1396-2.25 provides that "[n]o loans shall be made by a corporation to its directors." *Id.* art. 1396-2.25(A) (Vernon 1997). If a loan is made to a director, the directors who vote for making the loan and any officers participating in making the loan, "shall be jointly and severally liable to the corporation for the amount of such loan until repayment thereof." *Id.* art. 1396-2.25(B). Thus, the board of the San Benito Economic Development Corporation may not approve a loan for a business owned by a member of the board.

A nonprofit corporation may enter into a transaction in which one of its directors has a financial interest subject to conditions designed to protect the interest of the corporation. *See id.* art. 1396-2.30. The Texas Non-Profit Corporation Act provides that a contract or transaction between a corporation and a director, or a corporation and another organization in which a director has a financial interest "is not void or voidable solely for that reason, solely because the director, officer, or member is present at or participates in the meeting of the board . . . that authorizes the contract or transaction, or solely because the director's, officer's, or member's votes are counted for that purpose," if one of the following provisions is satisfied:

> (1) the material facts as to the relationship or interest and as to the contract or transaction are disclosed or are known to the board of directors, . . . and the board . . . in good faith and with ordinary care authorizes the contract or transaction by the affirmative vote of a majority of the disinterested directors or members, even though the disinterested directors or members are less than a quorum;

> (2) the material facts as to the relationship or interest and as to the contract or transaction are disclosed or are known to the members entitled to vote on the contract or transaction, and the

> contract or transaction is specifically approved in good faith and with ordinary care by vote of the disinterested members; or

> (3) the contract or transaction is fair to the corporation when it is authorized, approved, or ratified by the board of directors . . . .

TEX. REV. CIV. STAT. ANN. art. 1396-2.30(A) (Vernon 1997). Interested directors may be counted in determining the presence of a quorum at a meeting of the board of directors that authorizes the contract or transaction. *Id.* art. 1396-2.30(B).

If the corporation has adopted bylaws limiting its power to enter into a transaction in which a director is interested, the corporation must comply with its bylaws. *See id.* art. 1396-2.09 (authority to adopt bylaws). In the absence of such bylaws or if such bylaws are less strict, the corporation must comply with the standards set out in the Texas Non-Profit Corporation Act.

A development corporation's exercise of powers is subject "at all times to the control of the governing body of the unit under whose auspices the corporation was created." *Id.* art. 5190.6 § 23(a)(12) (Vernon Supp. 2000). The governing body is required to "approve all programs and expenditures of the corporation and annually review any financial statements of the corporation." *Id.* § 21. The corporation may not issue bonds without the approval of the governing body. *See id.* § 25. Thus, the governing body is in a position to review the corporation's decision to enter into a transaction in which a board member is financially interested and to determine whether it complies with the provisions of the Texas Non-Profit Corporation Act or with the corporation's bylaws, if they impose a stricter rule for conflicts of interest.

In summary, we conclude that the Texas Non-Profit Corporation Act prohibits the board of an economic development corporation from approving a loan to a director of the corporation. *See id.* art. 1396-2.25 (Vernon 1997). The board is not prohibited from entering into a contract or other transaction in which a member of the board is interested if it complies with the provisions of the Texas Non-Profit Corporation Act governing transactions between corporations and directors, *see id.* art. 1396-2.30, or, if the corporation's bylaws impose a stricter standard, with the latter standard. In reaching this conclusion on the conflict of interest issue, we do not address other legal issues that may be raised by the proposed transaction, nor do we express an opinion on the validity of the transaction.

## S U M M A R Y

The board of an economic development corporation may not approve a loan to a director of the corporation. An economic development corporation is not prohibited by law from entering into other transactions with a member of the board or with an entity in which a board member is interested if it complies with the provisions of the Texas Non-Profit Corporation Act governing transactions between corporations and directors, or, in the event the corporation bylaws impose a stricter standard, with the bylaws.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee