NO. 07-02-0086-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 11, 2003



______________________________




SUNNYSIDE FEEDYARD, L.C., APPELLANT


 

V.



METROPOLITAN LIFE INSURANCE COMPANY, APPELLEE



_________________________________



FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;



NO. B7681-0102; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS, J. and BOYD, S.J. (1)

OPINION


 Sunnyside Feedyard, L.C., appeals from a summary judgment declaring that the lien
of Metropolitan Life Insurance Company is superior to any lien retained by Sunnyside in
property Sunnyside sold. We affirm. 


BACKGROUND

 In September, 2000, appellant Sunnyside Feedyard, L.C. sold a feedyard operation
to Wacross, Inc. The sale included both realty (the property) and personalty. Wacross
borrowed money from Metropolitan Life Insurance Company in order to make its purchase
from Sunnyside. The Metropolitan loan was only part of the amount Wacross agreed to
pay Sunnyside as the purchase price. 

 The transaction was closed at the offices of Castro County Abstract and Title
Company (Castro) with Jack L. Edwards acting as closing agent. Sunnyside and Wacross
chose Edwards to act as closing agent. As part of the closing process, Sunnyside
executed a warranty deed to the property. The deed acknowledged payment by
Metropolitan to Sunnyside of $1,740,500 as part of the purchase price. The deed also
recited that (1) the payment to Sunnyside by Metropolitan was at the request of Wacross,
(2) Wacross had concurrently executed a Vendor's Lien Note (note) in the amount of
$1,740,500 to Metropolitan, (3) the note was secured by the Vendor's Lien and superior
title which was retained, as well as a Deed of Trust and (4) Sunnyside acknowledged
receiving, in addition to the $1,740,500 from Metropolitan, other good and valuable
consideration "for which no lien, expressed or implied, is herein retained." 

 Sunnyside filed suit against Metropolitan, among others, after the closing. As
relevant to this appeal, Sunnyside alleged that Wacross failed to pay part of the purchase
price into escrow with Edwards; Edwards nevertheless disbursed escrow funds and filed
the deed and security documents transferring title to Wacross and giving Metropolitan a
record lien on the property; and Sunnyside had an implied equitable lien on the property
for the unpaid part of the purchase price which was superior to the lien securing
Metropolitan's note. Sunnyside sought declaratory judgment that it had an equitable
purchase money lien which was superior to Metropolitan's lien. Metropolitan
counterclaimed seeking declaration that even if Sunnyside had an equitable lien,
Metropolitan's lien was the superior lien.

 Metropolitan moved for a no evidence summary judgment based on its deed of trust
lien and vendor's lien. The trial court granted the motion and entered judgment that
Sunnyside take nothing. The judgment also granted declaratory judgment that
Metropolitan had a valid deed of trust lien in the subject real estate which was first in time
and superior to any vendor's lien, equitable lien, or lien of any kind claimed by Sunnyside. (2) 
Sunnyside's claim against Metropolitan was severed from its claims against the other
defendants, and this appeal ensued. 

 By one issue (3) Sunnyside challenges the granting of summary judgment. It bases
its challenge on Metropolitan's having sent written instructions to Edwards in regard to the
closing. Sunnyside asserts that the written instructions made Edwards Metropolitan's
agent, Edwards had "multiple fiduciary obligations" at the closing, and Metropolitan is
responsible for Edwards' actions and omissions in failing to ensure receipt of all
Sunnyside's purchase price prior to disbursing funds and filing the deed of trust securing
Metropolitan's note. Sunnyside cites Farm Credit Bank v. Ogden, 886 S.W.2d 305
(Tex.App.--Houston [1st Dist] 1994, no writ) for the proposition that "imputable negligent
conduct and/or inequitable conduct should subordinate a Deed of Trust lien to an equitable
purchase money lien." Sunnyside mentions in its appellate brief that (1) Metropolitan does
not come before the court with clean hands, (2) Metropolitan should be bound under
respondent [sic] superior and/or agency law for Edwards' actions, (3) Edwards violated
multiple fiduciary obligations at the closing, (4) Metropolitan, through Edwards, breached
its duty of good faith and fair dealing, (5) Metropolitan was negligent in relying on simply
giving written instructions to Edwards and such negligence was a proximate cause of
Sunnyside's money damages, and (6) a fiduciary relationship arose between Metropolitan
and Sunnyside because Metropolitan paid part of the purchase price, making Metropolitan
liable for Edwards' failure to make certain that all monies were correctly paid. Sunnyside
concludes that fact issues exist as to negligence, clean hands, breach of fiduciary duty,
implied contract and equitable subordination. The only authority Sunnyside cites for any
of the foregoing is its citation of Ogden in regard to equitable subordination. STANDARD OF REVIEW

 A no-evidence summary judgment is essentially a pretrial directed verdict, and we
apply the same legal sufficiency standard in reviewing a no-evidence summary judgment
as we apply in reviewing a directed verdict. See Aguirre v. South Tex. Blood & Tissue Ctr.,
2 S.W.3d 454, 456 (Tex.App.--San Antonio 1999, pet. denied); Roth v. FFP Operating
Partners, L.P., 994 S.W.2d 190, 195 (Tex.App.--Amarillo 1999, pet. denied). We review
the evidence in the light most favorable to the respondent against whom the no-evidence
summary judgment was rendered, disregarding all contrary evidence and inferences. See
Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Roth, 994 S.W.2d
at 195. A no-evidence summary judgment is properly granted if the non-movant presents
no more than a scintilla of probative evidence to raise a genuine issue of material fact as
to the element on which the motion is based. Id. More than a scintilla of evidence exists
when such evidence rises to a level that would enable reasonable and fair-minded persons
to differ in their conclusions. Id. 

DISCUSSION

 We agree with Sunnyside as to the purpose of equitable subordination as
expressed by Ogden; that is, to the extent that the holder of a superior lien has acted so
inequitably toward another lienholder as to warrant subordinating the superior lien to the
inferior lien of the other lienholder, then equitable subordination is available to place the
liens in equitably proper priorities. Sunnyside, however, does not relate Ogden to its own
situation, factually. (4) 

 Sunnyside fails to cite authority for any of the specific legal doctrines on which it
relies to classify Metropolitan's conduct as inequitable. For example, Sunnyside does not
cite authority for its assertion that Metropolitan's written instructions to Edwards created
a duty running from Metropolitan to Sunnyside on which a tort cause of action in
negligence could be based. Nor does Sunnyside cite authority for its claim that
Metropolitan's reliance on written instructions to Edwards fell below some prescribed
standard of care. The same deficiencies exist as to Sunnyside's assertions in regard to
clean hands, respondeat superior, agency, fiduciary duty and good faith and fair dealing.

 Failure to brief, or to adequately brief, an issue by an appellant effects a waiver of
that issue on appeal. See Tex. R. App. P 38.1(h) (5); General Serv. Comm'n. v. Little-Tex
Insul. Co., 39 S.W.3d 591, 598 n.1 (Tex. 2001); Fredonia State Bank v. General American
Life Ins. Co., 881 S.W.2d 279, 284-85 (Tex. 1994). TRAP 38.1(h) requires both citation
to authority and substantive analysis in regard to an issue. Failure to either cite authority
or advance substantive analysis waives the issue on appeal. See Moser v. Davis, 79
S.W.3d 162, 169, 170 (Tex.App.--Amarillo 2002, no pet.); In re Williams, 998 S.W.2d 724,
730 (Tex.App.--Amarillo 1999, no pet.). We consider Sunnyside's references to well-developed doctrines such as negligence, clean hands, breach of fiduciary duty and implied
contract, without citation of basic authority as to elements of the doctrines or precedent to
be inadequate compliance with TRAP 38.1(h). We reach the same conclusion as to
Sunnyside's analyses of how material (6) fact issues allegedly exist as to such doctrines. 
Because of the absence of legal citations, its analyses are limited to arguments based on
generalized statements and analysis without substantive relationship to specific legal
theories and elements of those theories. We will not consider the doctrines nor the
discussions of them in determining the appeal. See TRAP 38.1(h).

 In addition, we conclude that Sunnyside fails to reference more than a scintilla of
evidence that Metropolitan's actions toward Sunnyside were inequitable. There is no
evidence that Metropolitan had any part in choosing Edwards to close the transaction. 
Sunnyside neither maintains nor points to evidence that Edwards' actions in filing the
warranty deed and deed of trust were outside of his obligations as closing agent, even
assuming, arguendo, that such actions (1) were part of his duties as an agent of
Metropolitan, and (2) did not accord with the wishes or instructions of either Sunnyside or
Metropolitan. Assuming further, without deciding, that Edwards' actions in filing the
documents in question and his knowledge of matters were imputable to Metropolitan,
Sunnyside does not reference evidence that the same knowledge and breaches were not
imputed to Sunnyside via Edwards' unquestioned status as closing agent chosen by
Sunnyside. Thus, regardless of whether Edwards was an agent of Metropolitan as
contended by Sunnyside, such a situation would not evidence Metropolitan's actions being
inequitable vis-a-vis Sunnyside. 

 Sunnyside does not point to evidence that Metropolitan failed to pay $1,740,500
directly to or for the benefit of Sunnyside as part of the purchase price from Wacross or
that Sunnyside was unaware of the source of the funds. Sunnyside does not disclaim the
acknowledgment in its warranty deed that it received such funds from Metropolitan. 
Sunnyside's warranty deed affirmatively stated that it had received both the funds paid by
Metropolitan and other consideration and that it retained no liens, express or implied,
because of such other consideration. Metropolitan's lien did not reach further than the
property which was purchased, at least in part, with its loan proceeds, and the lien reached
no further than protecting its security for the funds advanced. Sunnyside does not claim
any contact with, representations received from or reliance on Metropolitan prior to or
during the closing, aside from Sunnyside's claim that Edwards' actions are imputable to
Metropolitan. Sunnyside does not claim or reference evidence that prior to closing, it knew
of or relied on Metropolitan's written instructions to Edwards. 

 The evidence Sunnyside references does not rise to a level that would enable
reasonable and fair-minded persons to differ with the conclusion that Metropolitan's
actions were not so inequitable in relation to Sunnyside as to permit equitable
subordination of Metropolitan's lien. See Roth, 994 S.W.2d at 195. Accordingly, the no-evidence summary judgment was properly granted.

CONCLUSION


 For the foregoing reasons, and assuming, without deciding, that Sunnyside holds
a lien on the property, we overrule Sunnyside's issue. We affirm the trial court's judgment. 



 Phil Johnson

 Chief Justice


 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Metropolitan also sought attorney's fees, which the trial court awarded in its
judgment. Sunnyside has not challenged the awarding of such fees or the amount
awarded. 
3. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).
4. Ogden involved liens on two separate tracts of land. In Ogden, the bank failed in
its quest to have the Ogden's lien on one tract of land subordinated by the trial court, just
as Sunnyside failed to convince the trial court that it created a material fact issue in its
quest to have Metropolitan's lien equitably subordinated. The Ogden trial court found that
the Ogdens had not acted inequitably toward the bank and refused to subordinate the
Ogden's lien. Ogden, 886 S.W.2d at 310.
5. Further references to provisions of the Texas Rules of Appellate Procedure shall
be by reference to "TRAP _____." 
6. The fact issue must be material. See Tex. R. Civ. P. 166a(c). 



 to
the plaintiff; and (3) the defendant’s breach must result in injury to the plaintiff or benefit
to the defendant. Punts v. Wilson, 137 S.W.3d 889, 891 (Tex.App.–Texarkana 2004, no
pet.). Cook maintains the trial court did not err in granting summary judgment because
there is no evidence of either the second or third elements.
Summary Judgment Evidence



(A) Steven L. Lee Affidavits

          As part of his summary judgment response evidence, Kothmann submitted the June
23, 2005, affidavit of his expert witness, Steven L. Lee. Cook moved to strike this affidavit. 
The trial court conducted a hearing on Cook’s motion to strike and orally pronounced that
the affidavit would be stricken in its entirety; however, the court never signed an order to
that effect. Prior to the enactment of Rule 33.1(a)(2)(A) of the Texas Rules of Appellate
Procedure, it was clear that unless an order sustaining an objection to summary judgment
evidence was reduced to writing, signed, and entered of record, the evidence remained
part of the summary judgment evidence for consideration by the trial court. Banowsky v.
State Farm Mut. Auto. Ins. Co., 876 S.W. 2d 509, 513 (Tex.App.–Amarillo 1994, no writ);
Eads v. American Bank, N.A., 843 S.W.2d 208, 211 (Tex.App.–Waco 1992, no writ). 
However, where a hearing has been held on the motion, and the trial court has clearly and
unequivocally sustained the objection, the objected to evidence does not form part of the
summary judgment evidence. Crocker v. Paulyne’s Nursing Home, Inc., 95 S.W.3d 416,
421 (Tex.App.–Dallas 2002, no pet.); Rogers v. Continental Airlines, Inc., 41 S.W.3d 196,
200 (Tex.App.–Houston [14th Dist.] 2001, no pet.). Kothmann did not assign error to the
exclusion of Steven L. Lee’s affidavit of June 23rd.
          After the trial court orally struck Lee’s June 23rd affidavit, Kothmann filed a second
affidavit of Steven L. Lee dated July 29, 2005. On August 1, 2005, the trial court entered
its Order Granting Defendant’s Response to and Motion to Strike Plaintiff’s Amended
Summary Judgment Affidavits striking the July 29th affidavit. Kothmann did not assign
error to the exclusion of Steven L. Lee’s affidavit of July 29th. 
          Evidence which has been excluded by written order or ruling of the court is not part
of the summary judgment evidence to be considered. Rayl v. Borger Econ. Dev. Corp.,
963 S.W.2d 109, 113 (Tex.App.–Amarillo 1998, no pet.). Therefore, neither of the two
Steven L. Lee affidavits constitute part of the competent summary judgment evidence in
this case.
(B) Kody Kothmann Affidavits
          As part of his summary judgment response evidence, Kothmann also submitted his
own affidavit dated June 24, 2005. Cook moved to strike this affidavit. The trial court
conducted a hearing on that motion and orally pronounced that the affidavit would be
stricken as to those portions wherein Kothmann attempted to give a legal opinion as to
whether Cook breached a standard of care owed to him. Kothmann did not assign error
to the exclusion of this portion of that affidavit.
          After the trial court orally struck portions of Kothmann’s June 24th affidavit, he also
filed a second affidavit dated July 29, 2005. This second affidavit was struck in its entirety
by the August 1, 2005 order. By his second issue, Kothmann alleges that the trial court
erred by excluding his July 29th affidavit. Kothmann contends that this affidavit would have
raised a genuine fact issue precluding Cook’s no-evidence motion for summary judgment. 
Analysis
          Because the order granting Cook’s motion for summary judgment did not specify the
grounds upon which it was granted, this Court must affirm the judgment if any of the
theories advanced by Cook are meritorious. Carr, 776 S.W.2d at 569.
          Cook’s motion for summary judgment specifically sets forth the elements which he
contends there is no evidence of, to wit: (1) breach of a duty owed, and (2) causation of
damages. Having properly pleaded a no-evidence summary judgment claim, the burden
shifted to Kothmann to show a scintilla of summary judgment evidence raising a genuine
fact issue as to each of these elements. 
          Claims based upon a breach of fiduciary duty require expert testimony on the issues
of breach and causation of damages where the determination of those issues “is not one
that lay people would ordinarily be competent to make.” Arce v. Burrow, 958 S.W.2d 239,
252 (Tex.App.–Houston [14th Dist.] 1997), aff’d in part, rev’d in part on other grounds, 997
S.W.2d 229 (Tex.1999); Alexander v. Turtur & Associates, Inc., 146 S.W.3d 113, 199-20
(Tex. 2004). Thus, the question before us is whether the breach, causation, and damages
issues in this case are plainly within the common knowledge of laymen.
          Kothmann’s claim against Cook is predicated on a lengthy set of circumstances
involving questions of legal representation and fiduciary duties. The facts at issue
transcend a period of over five years, involving litigation in multiple counties, before several
different judges, on numerous legal theories. The seminal dispute centers around Cook’s 
appearance at a hearing on the motion of Kothmann’s ex-wife to revoke an order
suspending imposition of a contempt sentence in suit affecting the parent-child
relationship. The hearing at issue also involved a determination of the priority of interests
in property which was the subject of a turnover order. Under those circumstances, as a
matter of law, a layman could not be expected to ascertain, without guidance from a legal
expert, whether Cook breached a fiduciary duty owed to Kothmann arising from their
attorney-client relationship, or whether there was a cause in fact relationship between
Cook’s conduct and Kothmann’s claimed damages. Therefore, expert testimony was
required to raise a fact issue as to whether Cook breached a fiduciary duty owed to
Kothmann, as well as whether such a breach, if any, proximately caused Kothmann’s
damages. 
          As a layman, Kothmann could not provide relevant summary judgment evidence on
an issue requiring expert testimony. Because Kothmann’s affidavits could not provide the
requisite summary judgment evidence, we conclude the trial court did not err by excluding
his July 29th affidavit. Kothmann’s second issue is overruled. 
          Furthermore, because the two affidavits of Steven L. Lee were excluded from
consideration, we conclude Kothmann failed to raise a scintilla of expert evidence as to
whether Cook breached a fiduciary duty owed to Kothmann. Without expert testimony,
Kothmann also failed to raise a scintilla of evidence as to whether such a breach, if any,
proximately caused him to suffer any damages. Issue one is overruled. 
          Accordingly, we hold the trial court did not err in granting Cook’s motion for summary
judgment. The order of the trial court granting summary judgment is affirmed.


                                                                           Patrick A. Pirtle

                                                                                 Justice