

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00072-CV

---

FELIPE MARTIGNONI AND JANAINA GOMES MARTIGNONI, APPELLANTS

V.

ARTISTRY HOMES, LLC, APPELLEE

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CV-1377, Honorable J. Phillip Hays, Presiding

---

June 10, 2026

CONCURRING OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

I join the judgment of the Court affirming the trial court's no-evidence summary judgment. The Court's substantive analysis—that the Martignonis failed to produce more than a scintilla of evidence on the challenged elements of their claims—is correct. And even if the panel had reached the evidentiary rulings on the merits, I would affirm. The result of this appeal does not change.

I write separately because I believe our Court's preservation jurisprudence sweeps too broadly. *See Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561 (Tex. App.—Amarillo 2013, pet. denied); *Rayl v. Borger Economic Development Corp.*, 963 S.W.2d 109 (Tex. App.—Amarillo 1998, no pet.). Today's decision, like earlier ones, holds that a proponent of summary-judgment evidence waives error by failing to object when the trial court sustains an opposing party's objection to that evidence.

The bright-line rule is inconsistent with Texas law. The problem originated with *Rayl*, which transplanted the defect-objection requirement of former Texas Rules of Civil Procedure 166a(c) onto the context of a party seeking to admit summary-judgment evidence. Rule 166a(f), by its terms, addresses defects in the form of summary-judgment evidence and the opposing party's obligation to point them out. It does not speak to the separate question whether a proponent must make a further objection after the trial court has already sustained an opposing party's objection and excluded the evidence.

The correct framework for preserving error in the exclusion of evidence is supplied by Texas Rules of Evidence 103(a)(2). The same rules of evidence that govern at trial apply equally on summary judgment. *FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 837 (Tex. 2022). Rule 103(a)(2) requires the proponent to inform the trial court of the substance of the excluded evidence. *Gunn v. McCoy*, 554 S.W.3d 645, 666 (Tex. 2018). When that substance is apparent from context, no formal offer of proof is necessary. TEX. R. EVID. 103(a)(2).

Preservation under this framework is contextual, not categorical. Many of the objections sustained in this case rest on defects apparent from the summary-judgment

record.  Whether an affidavit lacks a signature, is incomplete or illegible, contains conclusory or speculative statements, violates the best-evidence rule, or is irrelevant can all be assessed by the trial court without further development by the proponent.  For objections of this kind, the substance of the excluded evidence is already before the court, and a further offer of proof or objection adds nothing.

Other objections call for more.  Lack of personal knowledge ordinarily requires the proponent to identify the basis for the affiant's knowledge.  Hearsay ordinarily requires identification of an applicable exception.  A challenge to expert qualifications ordinarily requires development of the witness's credentials.  For these objections, the proponent may need to do more to preserve error.  Still other objections fall outside Rule 103(a)(2) altogether, including the contention that summary-judgment evidence contradicts late-submitted theories in violation of court deadlines, which is governed by general preservation principles rather than the rules of evidence.  The unifying point is that preservation depends on the nature of the objection.  A one-size-fits-all rule fails.

Whether some objections in this case required preservation efforts beyond what the Martignonis provided is a question best left for another day.  This panel is bound by the breadth of *Montenegro* and *Rayl* unless and until this Court, sitting en banc, refines the doctrine or the Texas Supreme Court corrects it.  *Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022).  Until then, *stare decisis* compels me to follow these decisions.  I therefore concur in the judgment.

Lawrence M. Doss
Justice

3